Robertson v. The State.

---

## ROBERTSON *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Copy of indictment and list of jurors, in a capital case ; on whom served when defendant is in actual confinement ; what order is erroneous ; what will cure same.*—An order of court, appointing a day for the trial of a capital case, when the defendant is in actual custody, which directs a copy of the indictment and list of jurors, &c., to be served on the defendant, or on his counsel, one entire day before the day appointed for the trial, is erroneous ; but such error will be cured, notwithstanding said order, if the service was in fact made on the defendant.

2. *One entire day, as used in § 4171, Revised Code ; what constitutes.*—The words, "one entire day," as used in § 4171 of the Revised Code, mean an undivided day, and not parts of two days. An entire day must have a legal, fixed, precise time to begin, and a fixed, precise time to end. A day in contemplation of law, comprises all the twenty-four hours, begining and ending at 12 o'clock at night. Sunday, in such a case, can not be counted.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. J. Q. SMITH.

THE material facts, and the assignments of error, upon which this case turns, will be found in the opinion of the court ; the two exceptions referred to, but not set out in the opinion, and upon which it was held that the ruling o the court below was right, are thus stated in the bill of ex

ceptions : " On the trial of this cause, the State offered a female witness, who was objected to on the part of the defense, on the ground that she was the wife of the defendant. Said witness being examined on her *voir dire*, stated, in substance, " that she and defendant agreed to marry about Christmas, 1867, and lived together and cohabited as man and wife ; that no license was obtained or marriage ceremony performed ; that while witness and defendant were so living together as man and wife, defendant told witness that before, and at the time they commenced living together, he had another wife, who was then living, by whom he had a child. Upon this evidence the court overruled the objection of defendant, and allowed the witness to testify, and the defendant excepted.'' "The defendant then offered to introduce witnesses to prove that the defendant and said witness for the State, were generally reputed to be husband and wife, for the first two or three months in 1868, and the court refused to . allow such proof to be made, and defendant excepted. The court then allowed said witness to testify on behalf of the State, and defendant excepted."

JOHN ENOCHS, for appellant.— 1. The court erred in allowing the woman Nancy Carr, who was examined as a witness against the prisoner, to testify, she being the wife of the defendant.—See manuscript opinion delivered at last term of this court in case of *James Campbell's Adm'rs and Heirs v. Thomas J. Gullatt and Wife ;* Bishop on Marriage and Divorce, §§ 66, 67, and 90 and 91 ; 9th edition of Kent's Com., 2d vol., pp. 53 and 54, and note on p. 54, &c.; *Murphy v. The State,* 6 Ala. 765.

2. The court erred in refusing the prisoner the right to . prove reputation of the marriage.—*Stower v. Boswell,* 3 Dand., p. 233 ; *Donelly v. Donelly's Heirs,* 8 B. Monroe, p. 113 ; *Jackson, ex dem. Van Buskirk v. Claw,* 18 Johnson, p. 346.

3. The court erred in passing sentence on the defendant, it appearing from the record that the prisoner was in jail, and the service of the copy of the indictment and list of the jury were served on the prisoner's counsel and not on

Robertson v. The State.

the defendant.—Revised Code, § 4171; *Ruben v. The State*, 40 Ala. p. 72; *Aaron and Ely v. The State*, 39 Ala. p. 684; *Paris v. The State*, 36 Ala. 232; *Brister v. The State*, 26 Ala. 107; *Ben v. The State*, 22 Ala. 9.

JOSHUA MORSE, Attorney-General, *contra.*

PECK, C. J.—The prisoner, Dock Robertson, was indicted for murder in the circuit court of Lowndes county, and at the last April term of said court, was tried, and convicted of murder in the second degree, and sentenced to be imprisoned in the penitentiary for the period of fifteen years.

The prisoner being in actual confinement, the court, on Friday, the first week of the term, made an order setting apart Monday, the first day of the second week of the court, for his trial.

By this order, the sheriff was directed to summon fifty jurors, in addition to the regular panel, for the trial, and to hand a copy of the list of the special and regular jurors to the prisoner, or his counsel, one entire day before the day fixed for the trial, and the clerk was directed to hand a copy of the indictment to the prisoner, or his counsel.

The bill of exceptions shows, that on the next day after this order was made, Saturday, a copy of the indictment and a list of the jurors were handed to the prisoner's counsel. This, however, was not done until eight o'clock, p. m., of that day.

The trial was commenced on Monday, the day set apart for that purpose, about three o'clock, p. m.; being about forty-three hours from the time the copy of the indictment and the list of the jurors were handed to the prisoner's counsel, as before stated.

The prisoner went to trial without making any objection, that he had not been served with a copy of the indictment and list of the jurors, or that a copy of the indictment and list of the jurors, had not been served on him, one entire day before the day set for the trial.

The bill of exceptions also shows, that on Saturday, the second week of the term of the court, in open court, the

prisoner being present, he was asked by the court, in view of pronouncing sentence on him, in accordance with the verdict of the jury, if he knew of any cause why sentence should not be passed upon him, when his counsel moved in arrest of judgment, on the grounds :

1. " That no copy of the indictment or list of jurors summoned in the cause, were ever served on the prisoner, he being in jail; 2. That no copy of the indictment, or list of the jurors summoned for the trial, were served on the prisoner, or his counsel, one entire day before the day set for the trial."

2. The court overruled the motion in arrest of judgment ; the sentence of the court was pronounced, and thereupon the prisoner excepted, and presented his bill of exceptions, which was signed and sealed, and made a part of the record. Two other exceptions are stated in the bill of exceptions, which are not set out in this opinion, for the reason, that we think the ruling of the court, as to them, was right.

The prisoner has appealed to this court, and assigns for errors the overruling of the motion to arrest the judgment, the sentence of the court, and the matters stated in the bill of exceptions.

1. Section 4171, of the Revised Code, is in the following words : " If the defendant is indicted for a capital offense, and is in *actual confinement*, a copy of the indictment and a list of the jurors summoned for his trial, including the regular jury, must be delivered to him *at least one entire day* before the day appointed for his trial."

The order of the court, in this case, directed the service to be made upon the prisoner, or his counsel. This was wrong, but if the transcript showed, that, notwithstanding, the service had been made upon the prisoner, this error we would hold to be cured.

The language of the Code above quoted is not only plain, but it is peremptory ; the service, if the prisoner is in actual confinement, must be made upon him *personally*, and not on his counsel, and it must be made *at least one entire day* before the day appointed for his trial.

To sustain a conviction in a capital case, we are prepared

Robertson v. The State.

to hold, that the record must show, affirmatively, that this requirement of the law has been complied with.

In criminal cases, no assignment of errors is necessary, but the court must render such judgment *on the record* as the law demands.—Section 4314, Revised Code. In capital cases, the law demands, if the prisoner is in actual confinement, a copy of the indictment, and a list of the jurors summoned for his trial, including the regular jury, must be delivered to him at least one entire day before the day appointed for his trial. A delivery to his counsel is not what the law requires, and is not sufficient.

The transcript, in this case, nowhere shows a delivery to the prisoner. The order of the court directed the service to be made on the prisoner, or his counsel, and it was, in fact, as the transcript states, made on the counsel. This is, of itself, sufficient to reverse the conviction.

2. The service is also insufficient, as to the length of time it was made before the day set for the trial, if it had been made on the prisoner. To be sufficient, it should, in this case, have been made before twelve o'clock Friday night, so as to have given him the whole of Saturday; without this, he could not have at least one entire legal day's notice before the day set for the trial, and this is what the law requires. An entire day is an undivided day—it is not parts of two days; an entire day must have a legal, fixed, precise time to begin, and a fixed, precise time to end. A day, in contemplation of law, comprises all the twenty-four hours, beginning and ending at twelve o'clock at night.— 1 Burrill's Law Dictionary, 422 ; 2 Blac. Com., Chap. IX, p. 140, 141, and notes.

Sunday, in this case, can not be counted. The entire day required by the Code, is one entire legal day. Sunday is *dies non juridicus.*—1 Burrill's Law Dictionary, 490. It is not a legal day. The time within which any act is provided by law to be done, must be computed by excluding the first day, and including the last ; if the last day is Sunday, it must also be excluded.—Revised Code, § 14. The service, in this case, was made on Saturday, and being the first day, is by this section of the Code, excluded ; and Sunday being the last day, is also excluded ; so that the

prisoner, if the service had been made on him, would have had only the part of Monday, the day on which the trial was appointed to be had, and the day on which it commenced.

The conviction and sentence of the court below are reversed and the cause remanded, that a new trial may be had ; and as the execution of the sentence of the court was not suspended, and the prisoner is confined in the penitentiary under said sentence, it is ordered by this court that the warden of the penitentiary, or other lawful keeper of the same, having the custody of said prisoner, on the production, by the sheriff of Lowndes county, or other person lawfully authorized for that purpose, of a duly certified copy of the judgment of this court, reversing the conviction and sentence of the circuit court of Lowndes county, in this behalf, deliver said prisoner, said Dock Robertson, to said sheriff, or other person lawfully authorized for that purpose as aforesaid ; and said sheriff, or other person, so lawfully authorized, &c., as aforesaid, is hereby ordered to receive said prisoner, and him safely convey to the said county of Lowndes, and there safely keep him in the common jail of said county, until he is discharged by due course of law.