# LACY *vs.* THE STATE.

[INDICTMENT FOR RAPE.]

1. *Conviction for capital offense; when will be reversed.*—A judgment of conviction for a capital offense will be reversed, when the record fails to show affirmatively that a copy of the indictment and list of jurors summoned for the trial were served on the prisoner as required by section 4171 of the Revised Code.

2. *Rape, complaint of, by female; for what purpose admissible.*—On the trial of an indictment for rape, the fact of immediate complaint made by the party alleged to be injured, is admissible evidence to corroborate her testimony ; but the particulars, when not a part of the *res gestæ*, are not evidence of the truth of her statement, and can not be asked in her examination in chief, or proved by other testimony.

APPEAL from Circuit Court of Madison.
Tried before Hon. W. J. HARALSON.

WALKER & BRICKELL, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

The facts are stated in the opinion.

B. F. SAFFOLD, J.—The appellant was indicted for rape, a capital offense, and was in actual confinement. The record does not show affirmatively that a copy of the indictment and a list of the jurors summoned for his trial, including the regular jury, was delivered to him at least one entire day before the day appointed for his trial.   This omission is a reversible error.—*Robertson v. The State,* 43 Ala. 325.

The female alleged to have been injured was a witness on the trial, and after her examination two witnesses were called, who testified that she made complaint to them immediately after the occurrence.   The court allowed these witnesses to state the particulars of her narrative, amongst others, her declaration that her person had been violated. To the admission of this testimony defendant excepted.

On the trial of an indictment for a rape, where an immediate account is given, or complaint made, the fact of making the complaint immediately, and before it is likely that any thing should have been contrived and devised by the prosecutrix, is admissible as evidence to confirm her story. But the particulars are not evidence of the truth of her statement, and can not be asked in her examination in chief, or proved by other testimony.—Lead. Crim. Cases, vol. 1, p. 229, note; *Leoni v. The State*, June T. 1870.

There are instances in which her narrative of the circumstances and particulars have been admitted in evidence; but these have been cases in which the accounts were so connected in point of time with the injuries inflicted on the victim, as to constitute a part of the *res gestæ*. The question asked by the witness Springer, "if her person had been violated," and the answer of the prosecutrix, "yes," was inadmissible testimony, being hearsay only. For the same reason, the relation by the witness, Mrs. Turner, of the account given to her by the prosecutrix, ought not to have been received.

The judgment is reversed and the cause remanded.