# Bell *v.* The State.

*Indictment for Murder.*

1. *An objection to a list of jurors may be waived.*—A prisoner on trial for a capital felony may waive an objection that the list of special jurors summoned and served on him, contains fewer names than the law requires; or that the name of the same person appears twice on the list. If he calls the attention of the court to the irregularity, or mistake, before trial, but makes no motion, based on the irregularity, or otherwise objects to it, he cannot after verdict, move an arrest of judgment, or in any manner avail himself of it.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN K. HENRY.

The prisoner was indicted at the spring term, 1878, of the Circuit Court of Butler county, for the crime of murder. He was arraigned and pleaded "not guilty." A day was appointed for the trial, and the court made an order, requiring the sheriff of the county "to summon fifty competent jurors, including the regular panel for the week; and to serve a list of the jurors summoned, and a copy of the indictment upon the prisoner, one entire day before the day set for the trial of the cause.

On the day of the trial, the prisoner being present in court, his counsel called the attention of the court to what he suppoeed to be an error in the copy of the list of jurors, served on the prisoner. He said, "at the time, that he did not make any motion to quash the venire, and if it was an error which

[Bell v. The State.]

could be waived, he was willing to waive it, and would do so, but that he did not believe it was such an error as could be waived by the prisoner." The supposed error consisted in the alleged fact, that the name of John M. Sims occurred in two places on the list of jurors, which had been served on the prisoner."

The list was handed to the court for inspection. The clerk stated that he had made the copy," and that when the name first occurred, it was intended for *Jas.* M. Sims, and the second time it was written for *Jno.* M. Sims."

It appeared that the sheriff had summoned both James M. Sims and John M. Sims ; that both of them were called, duly examined, and accepted as jurors by the State and the prisoner.

The jury, under the instructions of the court, retired and returned this verdict : "We, the jury, find the prisoner guilty of murder in the first degree, and we further find that he shall suffer death."

On a subsequent day of the term, the defendant moved an arrest of judgment, on the ground "that the venire, or the copy served on him, contained the names of but forty-nine jurors, the name of John M. Sims appearing in two places on said venire."

This motion was denied by the court, and the defendant excepted.

No counsel for appellant.

JOHN W. A. SANFORD, Attorney-General, for the State. Not less than fifty or more than one hundred jurors can be summoned for the trial of a capital felony.—Code § 4874.

1. But, as the prisoner may waive any right conferred either by statute or by the constitution for his benefit and protection, he may waive the summoning of the full number of jurors ordered by the court for his trial.—1 Bish Cr. Pro. §§ 407–422 ; 1 Bish. Crim. Law. (6 ed.) § 995. And having waived the supposed defect in the venire, he cannot now be heard to complain of it.

3. The venire should not have been quashed even if the same name had occurred twice in the list of jurors delivered to the prisoner.—*Floyd v. The State,* 55 Ala. 61.

MANNING, J.—The fact that in the list of persons summoned, to serve as jurors in this cause which was delivered to defendant, a mistake in writing the name of *Jno. M. Sims,* instead of *Jas.* M. Sims, if such mistake was made, (which

[Hoover v. The State.]

.seems doubtful), did not, under the circumstances set forth in the bill of exceptions, afford a legal cause why the judgment of the Circuit Court should be arrested. At the time the attention of the court was called to the supposed error, by counsel for the defendant, he said "if it was an error which could be waived, he was willing to waive it, but that he did not consider it such an error as could be waived by the prisoner." No objection, however, was then otherwise, taken; nor was any motion founded upon the supposed error made before the verdict was rendered. James M. Sims, the person whose name was supposed to have been incorrectly written, upon being called, appeared and was accepted by the defendant as a juror, and served as such.

There is no doubt that a preliminary irregularity of this sort can be waived.—See *Paris v. The State*, 36 Ala. 235; *Miller v. The State*, 45 Ala. 24; *Mitchell v. The State*, at this term. The court did not err in overruling the motion in arrest of judgment.

The judgment of the Circuit Court must be affirmed. And it is here adjudged that the execution of the sentence of that court be carried into effect according to the terms thereof. Let the judgment of this court be certified without delay to said Circuit Court.