[Spicer v. The State.]

# Spicer *v.* The State.

*Indictment for Murder.*

| | |
|---|---|
| 69 | 159 |
| 94 | 53 |
| 94 | 64 |
| 19 | 159 |
| 113 | 675 |
| 115 | 8 |
| 69 | 159 |
| 116 | 442 |
| 117 | 28, |
| 119 | 9 |
| 69 | 159 |
| 138 | 82 |

1. *When service of copy of indictment and venire on prisoner presumed.* Where the record in a capital case fails to show, that the prisoner, who was in actual confinement, was served with a copy of the indictment and of a list of the jurors summoned for his trial, as required by the statute, but does not show the contrary, such service will be presumed to have been regularly made, in the absence of any objection by the defendant in the lower court.

2. *Failure of record to show that special venire was summoned; whether it will be presumed that sheriff discharged his duty, quere.*—Where, in a capital case, the record shows that the court made the proper order for a special *venire,* but fails to show that the order was executed by the sheriff, being silent on that point, and it further shows that the defendant went to trial, without objection, before a jury organized from the regular panels summoned for the week, *it may be,* that, in such case, it will be presumed, on appeal, that the sheriff discharged his duty by executing the order, or that the defendant waived his right to have a compliance therewith; but this question is not decided in this case.

3. *Mandatory requirements of the statute; when must be complied with by the court in capital case.*—It is a reasonable and sound principle that, where, on the trial of a capital case, the statute peremptorily requires some order to be made by the court, which is of prime importance to the prisoner in securing to him the constitutional guaranty, that the "rights of trial by jury shall remain inviolate," the action of the court in that regard becomes an essential part of the record, and, on appeal, it must affirmatively appear that the requirement was complied with.

4. *Record must affirmatively show in capital case an order appointing day for trial.*—Under the provisions of the statutes of this State, the court is required to appoint a day for the trial of a prisoner indicted for a capital offense; and this requirement being mandatory, and being also an act judicial in its nature to be performed by the court, and not a duty to be discharged by a ministerial officer acting under a judicial order, the record, on appeal, must affirmatively show that it was complied with. This court will not presume from the silence of the record, that the order was made, or that the right of the prisoner thereto was waived by his proceeding to trial without objection.

5. *Admissibility of confessions.*—A confession which is affirmatively shown to have been made voluntarily, though made while the defendant was under arrest, and in response to questions propounded by the officer having him in custody, is admissible evidence.

6. *Criminative facts discovered by examination of prisoner's person; when admissible.*—The submission by a female defendant of her person to a private examination by physicians, is not a confession, although the result of the examination was a disclosure of facts of a criminative character; and such facts are competent evidence against her, although she was induced to submit to the examination through the assurance; that, "it would be the best thing for her that she could do."

APPEAL from Coffee Circuit Court.
Tried before Hon. H. D. CLAYTON.

[Spicer v. The State.]

At the Fall Term, 1880, of the Circuit Court of Covington County, Ann Spicer, the appellant, and another were jointly indicted for the murder of her infant child, and on their application for a change of venue, the case was removed to the Circuit Court of Coffee County, where the defendants were tried, and the appellant was convicted of murder in the first degree, and sentenced to the penitentiary for life. On the trial, as appears from the bill of exceptions, it was shown on behalf of the State by the testimony of one Straughn, that after the appellant was arrested, she was placed in his custody temporarily by the constable arresting her; and that thereupon, at the request of witness appellant took a seat near him, when witness said to her that "she had as well tell where the child was; that she knew she was not then as she was two weeks before; that she had as well tell where the child was, for they would dig up the ground a mile square and six feet deep, or they would find the child;" but that witness "never stated to the defendant, that it would be better for her to tell it, or worse for her if she did not tell it, nor did he use any other inducement to get the defendant to make any confession. The State then offered to prove by said witness what the defendant said to him at that time about having been delivered of a child, and what she did with it." The appellant objected to the admission of the confession in evidence on the ground that it was not voluntarily made; and thereupon the court allowed the defendant to show by one Smith, that about half an hour before her arrest, which was but a short time prior to the foregoing conversation between appellant and Straughn, he and two others were appointed by the citizens as a committee to have her examined, to see whether or not she had been delivered of a child; that thereupon they and two physicians went to her residence and called her out to the gate, when witness said to her, that it was the opinion of the citizens generally, that she had been delivered of a child and that she had destroyed it, and that they had been appointed as a committee to have her examined by the physicians; that she at first refused to be examined by the physicians, but offered to submit to an examination by an old colored midwife who was "near by;" that witness then told her that "it would be the best thing for her that she could do, to go and submit to the examination" by the physicians; that she then agreed to be examined by the physicians, and immediately thereafter was examined by them. It was also shown that the appellant was a negro woman of only ordinary intelligence for a negro. The appellant then renewed her objection to the admission in evidence of any confession made by her to the witness Straughn, but the court overruled her objection, and allowed the State to introduce the confession in evidence, and the appellant excepted.

[Spicer v. The State.]

This confession was, in substance, that she had been delivered of a child, and that she had administered laudanum to it, because it was in misery, and she desired to end its misery; and that she had buried it down in the woods, at the same time pointing in the direction of certain woods where the child was afterwards found buried.

The other facts are stated in the opinion.

W. D. ROBERTS, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The record in this case is exceedingly defective, especially in view of the fact that the prisoner was under indictment for a capital offense.

It fails to show, in the first place, that there was any service on the prisoner of a copy of the indictment and of the list of the *venire* summoned for her trial, such as is required by statute to be made upon defendants in actual confinement under an indictment for any capital offense. The record, however, being entirely silent in this particular and failing to show the contrary, the principle has been settled by this court, that, in the absence of any objection by the defendant, such service will be presumed to have been regularly made. It was so ruled in the case of *Puris v. The State*, 36 Ala. 232, and again in *Rash v. The State*, 61 Ala. 90. The contrary doctrine announced in *Robertson v. The State*, 43 Ala. 325, that to sustain a conviction in a capital case, the record must affirmatively show a compliance with this requisition of the statute, has been in effect, and is now expressly overruled on this point.

The record, furthermore, fails to show that the sheriff summoned a special *venire* of fifty persons from whom to organize a jury, as ordered to be done by the court.—Code, § 4874. The order for this purpose seems to have been properly made by the presiding judge, but the record is silent as to whether or not it was executed by the sheriff. As the defendant went to trial without objection, and a jury was organized from the regular panels summoned for the week, it may be that, in view of both the silence of the record and that of the defendant, the officer may be presumed to have faithfully discharged his duty in this regard, or that the defendant waived her statutory right conferred by law and preserved for the exercise of her option by the order of the court. This point, however, we do not expressly decide, as the judgment of the Circuit Court must be reversed on another ground. We content ourselves

with the citation of the following authorities bearing on the question; *Bell v. The State*, 59 Ala. 55; *Paris v. The State, supra; Rash v. The State, supra;* 1 Bish. Cr. Law, § 996; *Roberts v. The State*, 68 Ala. 515.

There is a fatal defect in the record, however, in its failure to affirmatively show that the court *appointed a day for the trial of the prisoner.* This is a valuable safeguard conferred on defendants charged with capital crimes, and is imperatively necessary under the mandatory provisions of the statute. The Code provides that "if the defendant is indicted for a *capital offense,* and is in actual confinement, a copy of the indictment and a list of the jurors summoned for his trial, including the regular jury, must be delivered to him at least *one entire day before the day appointed for his trial.*"—§ 4872. And "if he is not in actual custody, and has counsel, whose names are so entered on the docket, such counsel must, on application, be furnished with a copy of the indictment and a list of the jurors."—*Ib.* And the service in this latter case must also, as held in *Bain v. The State*, at the present term, be one entire day before the day set for trial. It is most obvious that the statute requires, in accordance with the long established and uniformly existing practice, that a day shall be fixed for the trial of every capital case, and that the order required to be made for a special *venire* shall be returnable to this day.—Code, § 4874. These provisions, like the one requiring the service of a copy of the indictment and a list of the special *venire* one entire day before the appointed day of trial, are mandatory and not directory merely.—*Nutt v. The State*, 63 Ala. 180; *Roberts v. The State*, 68 Ala. 515.

We are of opinion that this is an essential part of the record in every capital case. It is an act of the court, judicial in its nature, and expressly required by statute, and not the duty of a ministerial officer acting merely under the authority of a judicial order. We can not safely assume that it was done unless it is affirmatively shown by the minute entries of the court. A presumption of its truth, in view of the silence of the record, is not authorized, in our opinion, by any decision heretofore made by this court.—Clark's Man. Cr. Law, § 2588. True it was held in *Paris'* case, 36 Ala. 232, that in the absence of all objection by the defendant, a judgment of conviction will not be reversed because the record does not affirmatively show a formal arraignment of the prisoner, and the service on him of a copy of the indictment and a list of the *venire.* But the last omission was the act of a ministerial officer, and the first related to a preliminary proceeding which could be waived by pleading to the indictment.—*Fernandez v. The State*, 7 Ala. 511; 1 Bish. Cr. Proc. § 733. And while it was held in the case of

[Spicer v. The State.]

*Aaron v. The State*, 39 Ala. 684, by a divided court, and again in *Taylor v. The State*, 42 Ala. 529, that in ordinary cases of felony, the record need not affirmatively show that the prisoner was asked by the court, before sentence was pronounced against him, if he had anything to say in arrest of judgment, yet neither of these were capital cases, and in *Perry v. The State*, 43 Ala. 21, which was a *capital* case, the opposite conclusion was reached, and is probably supported by the weight of authority.—1 Bish. Cr. Proc. § 1118.

We take the principle then to be reasonable and sound, that where, at least in every trial for a capital offense, the statute peremptorily requires some order to be made by the court, which is of prime importance to a prisoner in securing to him the constitutional guaranty that the "right of trial by jury shall remain inviolate," the action of the court in this regard becomes an essential part of the record and must affirmatively appear to have been performed. "The forms of records are deeply seated in the foundations of the law, and as they conduce to safety and certainty, they ought not to be disregarded, when the life of a human being is in question."—Per GIBSON, C. J., in *Hamilton v. Commonwealth*, 4 Harris, 129; *Aaron's case, supra, dissenting* opinion of Justice JUDGE, 39 Ala. 687.

The order fixing a day for the trial of the defendant being an essential part of the record, we do not think that this is a case where the fact of the prisoner's having proceeded to trial without objection would constitute such a *waiver* of her rights as to debar her in the appellate court. Unless the proper order had been made, no fair field for the exercise of an untrammeled option could be presented. We can not judicially know that a trial was not the sole alternative to continued incarceration.—1 Bish. Cr. Proc., §§ 117, 125, 995, *et seq.; Nomaque v. People*, 12 Amer. Dec. 157; *Moss v. State*, 42 Ala. 546; *State v. Hughes*, 1 Ala. 635; Cooley's Const. Lim. (4th Ed.), 394–5, [319–20]; *Sanders v. State*, 55 Ala. 42.

There is nothing in the objections urged to the testimony of the witness Straughn as to the confessions of the defendant. They are affirmatively shown not to have been elicited through the influence of either threats or promises, or other improper appliances, and were therefore voluntary.—Clark's Cr. Dig. § 328; Whart. Cr. Ev. § 646; 1 Greenl. Ev. § 219.

Nor was it material, in the absence of all evidence tending to show that the confessions were involuntary, that they were made while the defendant was under legal arrest, and in response to questions propounded by the officer having her in custody. *Meinaka v. The State*, 55 Ala. 47; Whart. Cr. Ev. § 649; *Aaron v. The State*, 37 Ala. 106.

It is true that the defendant was induced to submit to a pri-

[Ex parte Holton.]

vate examination of her person by physicians, through the assurance that "it would be the best thing for her that she could do." But this act was not a confession, although the *result* of it was to disclose facts of a criminative character. Even in cases where confessions, by word or act, are extorted illegally, the *facts developed*, which go to prove the existence of the crime of which the defendant stands charged, will be received as competent evidence.—Whart. Cr. Ev. § 678; *Sampson v. State*, 54 Ala. 241; 1 Greenl. Ev. § 232.

For the above defect in the record, the judgment of the Circuit Court must be reversed, and the cause remanded for a new trial. In the meanwhile, the defendant will be retained in custody until discharged by due course of law.