## MAYO vs. THE STATE.

[INDICTMENT FOR EMBEZZLEMENT AND LARCENY FROM A STORE-HOUSE.]

1. *Sufficiency of indictment in description of stolen property.*—An indictment for embezzlement, describing the property as "certain books, letter-files, knives, bank-shears, slates, and sealing wax, to about the value of forty dollars," is sufficiently certain and definite, under the forms prescribed by the Code.

2. *Joinder of offenses.*—Embezzlement and larceny from a storehouse may be joined, in different counts, in the same indictment.

3. *Election by prosecution under indictment containing several counts.*—When an attempt is made, as manifested by either the indictment or the evidence, to convict the prisoner of two or more offenses growing out of distinct and separate transactions, the court should either quash the indictment, or compel the prosecuting officer to elect on which count he will proceed ; but, where the different counts are joined in the indictment, for the purpose of adapting it to the different phases which the evidence as to a single offense may assume, it should not interpose in either mode.

From the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

N. W. COCKE, for the prisoner.
M. A. BALDWIN, Attorney-General, *contra.*

WALKER, J.—The accused was charged under an indictment containing two counts ; one for embezzlement, and the other for larceny from a storehouse. The sufficiency of the count for embezzlement, upon which he was convicted, is objected to, upon the ground that it does not describe with requisite certainty the property which was the alleged subject of the offense, and that the value of each article is not stated. It is unnecessary to inquire what would have been the judgment of the common law upon this question, for we regard it settled by the Code, section 3503 of which makes the forms of indictments appended to it controlling precedents, having the force of law.—Noles v. The State, 24 Ala. 672 ; Elam v. The State, 26 Ala. 48 ; Salomon v. The State, 27 Ala. 26.— The contested count of the indictment strictly conforms,

in its mode of describing the property and stating its value, to form number 36, on page 702 of the Code. The form prescribes the words, "promissory notes to about the amount of five hundred dollars," as a sufficient description in an indictment for embezzlement. In this indictment the description is, "certain books, letter-files, knives, bank-shears, slates, and sealing wax, to about the value of forty dollars;" which is sufficiently certain and definite to meet the requisitions of the form which we have quoted. See, also, section 3517 of Code.

Upon the authority of Rex v. Johnson, 3 M. & S. 539, and Johnson v. The State, 29 Ala. 62, we hold, that counts for embezzlement and larceny from a storehouse may be joined. The Code (§ 3147) prescribes the same punishment for embezzlement as for larceny; and the two offenses clearly belong to the same family of crimes, and are of the same general nature.

Where two distinct felonies are charged in different counts, it is not a matter of legal right pertaining to the accused, that the State should be compelled to elect for which one of the offenses it will prosecute; nor will the court compel such election, where the two counts are joined, in good faith, for the purpose of meeting a single offense. It is a practice sanctioned by common custom, and by the law, to charge a felony in different ways, in different counts of the indictment, so as to provide for the different phases which the evidence may present upon the trial; and where such is the *bona-fide* purpose of the joinder of counts, the court never exercises its power of quashing the indictment, or compelling an election.— Baker v. The State, 4 Arkansas, 56; Kane v. The People, 8 Wendell, 203; Roscoe's Criminal Evidence, 231–32; Archb. Cr. Pl. 95, note 1; Barb. Cr. Law, 340; The People v. Rynders, 12 Wend. 425; The State v. Nelson, 8 N. H. 163; The State v. Coleman, 5 Porter, 32. The principle to be extracted from these authorities is, that the court should always interpose, either by quashing the instrument, or by compelling an election, where an attempt is made, as manifested by either the indictment or the evidence, to convict the accused of two or more

offenses growing out of distinct and separate transactions; but should never interpose in either mode, where the joinder is simply designed and calculated to adapt the pleading to the different aspects in which the evidence on the trial may present a single transaction. It is not in any way shown that the purpose or effect of the joinder in this case was to require the accused to answer two distinct offenses; and the court, therefore, properly refused to compel an election by the State.

The bill of exceptions discloses that the court confined the State, in the introduction of evidence, to a single transaction, and directed the jury to consider only the charge of embezzlement. In the action of the court in these particulars, there was certainly nothing prejudicial to the prisoner, or of which he can be heard to complain.

The judgment of the court below is affirmed, and the sentence pronounced by it must be carried into execution.