# THE STATE OF IOWA:

DES MOINES, DECEMBER TERM, A. D. 1878.

IN THE THIRTY-SECOND YEAR OF THE STATE.

---

PRESENT:

HON. JAMES H. ROTHROCK, CHIEF JUSTICE.
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, } JUDGES.
" JAMES G. DAY.

---

## THE STATE v. JOHNSON.

1. **Criminal Law** : EMBEZZLEMENT : PRINCIPAL AND AGENT. The unlawful appropriation of money by an agent or employe, not authorized to receive it, is not within the provisions of section 3909 of the Code, making such an offense punishable as larceny, although the party paying it to the agent or employe supposes him to be authorized to receive it.

*Appeal from Dubuque District Court.*

TUESDAY, ·SEPTEMBER 17.

IT is charged in the indictment that the defendant, being agent and servant of G. C. Heberling, as such, and by virtue of his employment, received a certain sum of money which he feloniously and fraudulently embezzled, and converted to his own use. The defendant was convicted, and appeals.

*T. S. & H. E. Wilson,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

SEEVERS, J.—The indictment is founded on section 3909 of the Code, which provides : "If any officer, agent, clerk or servant

1. CRIMINAL law: embezzlement: principal and agent.

of any incorporated company, or if any clerk or servant of a copartnership, or if any person over the age of sixteen years embezzle and fraudulently convert to his own use, without the consent of his employer or master, any money or property of another which has come to his possession, or is under his care by virtue of such employment, he is guilty of larceny and shall be punished accordingly."

The facts are that Mr. Heberling was deputy United States marshal, and desired certain prisoners taken from the penitentiary at Fort Madison to Dubuque, and he employed the defendant to perform the required service.

In pursuance of authority given him by Heberling the defendant received the prisoners, and there was delivered to him at the same time, by the warden of the penitentiary, a certain sum of money belonging to them. The defendant converted the money to his own use, and the question is whether this constitutes a crime within the statute.

That the defendant was the agent or servant of Heberling, and that he was authorized to take charge of the prisoners, may be conceded ; but the point is, was the nature and scope of his

employment such as to embrace therein the receipt of money, and is it essential such should have been the case?

A careful examination of the evidence satisfies us the defendant was not authorized by Heberling to receive any money, nor was it embraced within the nature, scope or extent of the employment. The receipt of money was not contemplated by either party at the time of employment.

Because the defendant had authority to receive the prisoners the money was paid him by the warden. The latter had taken the money from the prisoners, and was accountable to them therefor, and as they were being transferred or taken out of his custody the warden, instead of giving the money to them, saw fit, and on his own motion, to pay or give it to the defendant. But he had no authority from Heberling to do so. The defendant in this respect was the agent, servant or employe of the warden. As Heberling never authorized the warden to pay the money to the defendant he was not responsible therefor, nor was the defendant bound to account to him therefor.

Under the statute there must exist the relation of master and servant, or employer and employe, and the property stolen or converted must have been received "by virtue of such employment." The servant or employe must have been authorized to receive the property, or the nature, scope, and extent of the employment must have been such as to warrant the receipt of the property embezzled. The fact that the money belonged to the prisoners makes no difference. Suppose the defendant had been employed to receive of the warden a horse, and the latter saw proper to give him not only the horse but a sum of money to be delivered to Heberling, it could not, we think, be successfully claimed that the money was received by virtue of the employment of the defendant by Heberling.

The views herein advanced are supported by cases adjudicated under an English statute identical in substance with ours. Roscoe's Criminal Ev., 438, 441, 442.

"The embezzlement of money by a servant not authorized to receive it is not within the statute, although the party paying it to him supposes that he is so authorized." 2 American Criminal Law, § 1942.

REVERSED.