# Butler *v.* The State.

*Indictment for Larceny or Embezzlement.*

1. *Joinder of counts for different offenses; election.*—Counts for embezzlement and for larceny may be joined in one indictment; and an election by the prosecution will not be compelled, unless it appears that they are founded on different transactions.

2. *Admission implied from offer to pay for property embezzled or stolen.* The defendant being indicted for the larceny or embezzlement of a horse, which the prosecutor put in his possession, and claiming that he sold the horse by authority of the prosecutor; it is competent for

[Butler v. The State.]

the prosecution to prove that, after the sale, he offered to pay for the horse if the prosecutor would sign a bill of sale.

3. *Proof of character.*—The defendant can not be permitted to prove "his general reputation for profanity in the neighborhood," although a witness for the prosecution has testified that, on a particular occasion, he heard him cursing and swearing.

4. *Reasonable doubt as to ownership of property.*—The ownership of the property stolen or embezzled must be proved as alleged, beyond a reasonable doubt; but, when the ownership is laid, in different counts, in husband and wife, a reasonable doubt as to which one of them is the owner does not authorize an acquittal.

5. *Embezzlement, &c., by agent or bailee.*—The defendant having received a horse from his owner, to feed and take care of until the animal got well, he may be convicted under the statute against embezzlement, &c., by an agent or bailee (Code, § 3797), on proof that he sold the animal without authority while so in his possession.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The indictment in this case contained eight counts, the first charging the larceny by the defendant, Clayton Butler, of a horse, the personal property of Hester Taylor; the second, the larceny of a horse, the personal property of Lish Taylor; and the others, in different words, charging the embezzlement of the horse by the defendant, or fraudulent conversion to his own use, while in his possession as agent, bailee, or under a loan for temporary use; some laying the ownership in Hester Taylor, and others in Lish Taylor, who was her husband. The defendant pleaded not guilty, and, before entering on the trial, moved the court to require the prosecution to elect on which counts it would proceed—whether on the counts for larceny, or on the counts for embezzlement—and he excepted to the overruling of his motion. On the trial, as the bill of exceptions shows, Lish Taylor testified, in substance, that he delivered the horse to the defendant in March, 1890, with the understanding and agreement that the defendant was to feed and take care of the animal until he got well, and was to have the use of him in the meantime in his business; and he denied that he had ever authorized the defendant to sell him. As to the ownership of the animal he testified: "It was my horse. I sold some of my wife's cattle, and took the money; put some of my own with it, and bought the horse; took him home, and gave him to my wife." He testified, also, that he went to the defendant's place several weeks afterwards, to inquire about the horse, and was told that the animal was getting worse; that the defendant afterwards offered him $15 or $16 for the horse, but he refused to sell; that the defendant afterwards told him the horse was dead; and that some time afterwards, having discovered that the defendant had sold the horse, the defendant proposed to pay him $45 for it, in weekly in-

[Butler v. The State.]

stallments, on his signing a bill of sale for it, which was produced on the trial, but which he and his wife refused to sign. An exception was reserved by the defendant to the admission of this writing as evidence. The defendant testified that, by the terms of the agreement under which he received the horse, he was to be paid for his care and the cost of the animal's feed; that the prosecutor, when he found that the animal was not improving, gave him authority to sell it; and claimed that he had a lien on the animal for its feed and care.

A witness for the prosecution, who had informed Taylor that the horse was not dead, but had been sold by the defendant, and who went with Taylor to see the defendant about it, testified among other things, "Butler was cursing, and swearing, and going on, and saying that he had not said the pony was dead." Afterwards, the defendant asked a witness this question: "Do you, or not, know the general reputation of the defendant for profanity, in the neighborhood in which he lived in 1890?" The court sustained an objection to this question, and the defendant excepted.

The defendant requested the following charges in writing, and duly excepted to their refusal: (6.) "If the jury have a reasonable doubt as to whom said horse belonged—whether to Hester Taylor or Lish Taylor—then they must acquit the defendant." (18.) "If the jury believe from the evidence that Lish Taylor delivered the horse to the defendant for the purpose of taking care and attending to him, and that the defendant received the horse, attended to him, and fed him; then defendant would have a lien on said horse for his feed, and would have a right to keep possession until the amount due him was paid." (20). "If the jury believe the evidence, they must find the defendant not guilty." (21.) "If the jury believe from the evidence that the defendant offered to pay Lish Taylor for the horse after the sale, as shown by the written instrument offered in evidence; he had a right to do so, if he preferred to settle the matter in that manner." (22.) "If the jury believe from the evidence that the defendant did not sell the horse without authority, and did not take the horse with a felonious intent to steal; then he had a perfect right to buy his peace, by paying two dollars per week to Lish Taylor, as appears by the written instrument introduced by the State." (23.) "If the jury believe from the evidence that the defendant, by offering to pay two dollars per week to Lish Taylor, as appears from the written instrument introduced in evidence, intended to buy his peace, such offer would not be sufficient to authorize the jury to convict him."

[Butler v. The State.]

WM. E. RICHARDSON, for appellant, cited *Mayo v. State,* 30 Ala. 32; *Ward v. State,* 28 Ala. 53; *Washington v. State,* 72 Ala. 272; *Watson v. State,* 70 Ala. 13; *Perryman v. Allen,* 50 Ala. 573.

WM. L. MARTIN, Attorney-General, for the State, cited *Mayo v. State,* 30 Ala. 32; *Wooster v. State,* 55 Ala. 217; *Hussey v. State,* 87 Ala. 121; *Kilgore v. State,* 74 Ala. 1.; *Jackson v. State,* 74 Ala. 26; *King v. State,* 88 Ala. 43; *Morningstar v. State,* 55 Ala. 148; *Rutledge v. State,* 88 Ala. 85.

CLOPTON, J.—Counts for embezzlement and larceny having been joined in the indictment, defendant moved the court to compel the State to elect, whether it would proceed to prosecute on the counts for embezzlement or larceny. There is nothing in the indictment indicating that the felonies charged in the different counts constitute an attempt to convict the accused of two or more offenses growing out of separate transactions. Due precaution suggests the propriety of charging a single offense in different ways in different counts, so as to meet every probable aspect of the case, that may be presented by the evidence. When the distinct felonies are so charged, in good faith, for such purpose, the accused has no legal right to compel the State to elect for which it will proceed to prosecute. The court will not exercise its power to compel an election, unless it appears, either from the indictment or the evidence, that an attempt is made to convict the accused of two or more offenses growing out of separate and distinct transactions.—*Mayo v. State,* 30 Ala. 32; *Wooster v. State,* 55 Ala. 217.

The claim of defendant is, that he sold the horse, for the embezzlement or larceny of which he is indicted, by authority of the owner. After the horse was sold, he offered to pay the owner forty-five dollars, in weekly installments of two dollars, and handed him an instrument, written by himself, purporting to be a bill of sale to the horse, and that it was to become his property upon payment of the purchase-money, to be signed by the owner, but which was never executed by him. This may be regarded as in the nature of an admission that the owner had not parted with his title, and as tending to contradict the theory of defendant, that he was authorized to sell the horse. There is no error in admitting the instrument in evidence.

It was not competent to prove the general character of defendant for profanity.—*Hussey v. State,* 87 Ala. 121.

[Butler v. The State.]

In some of the counts of the indictment, the ownership of the horse is laid in Lish Taylor, and in others, in Hester Taylor, his wife. Defendant asked the court to charge the jury, that if they have a reasonable doubt as to whether the horse belonged to Lish Taylor or Hester Taylor, they must acquit defendant. Certainly, the rule requires that the guilt of the defendant shall be established beyond a reasonable doubt, but does not require that each fact which may aid the jury in reaching the conclusion of guilt shall be proved beyond a reasonable doubt. It is sufficient, if, on the whole evidence, defendant's guilt is proved to a moral certainty. The object of laying the ownership in different persons in the several counts. is, to vary the allegation so as to meet every probable phase of the evidence. It is true, the State must prove, beyond a reasonable doubt, that the property charged to be stolen is. the property of some person other than defendant, and the ownership must be proved as averred.—*Black v. State*, 83 Ala. 81. But, when the ownership is laid in different persons, in different counts, and the evidence shows, to a moral certainty, that it is the property of one or the other, the jury may entertain doubt as to which one it belongs, and yet entertain no reasonable doubt as to the guilt of defendant. The jury can not be compelled to elect under which count they would find a verdict of guilty, and yet such would have been the effect of the charge.—*Jackson v. State*. 74 Ala. 26.

The charge asked by defendant, to the effect that the evidence shows that defendant was not a bailee in the meaning of the statute defining embezzlement, was a charge upon the effect of the evidence, and properly refused. The evidence on the part of the State tends to show that the owner did not. part with the title to the property, had the right to resume possession at any time, and that defendant held possession exclusively for his benefit.— *Watson v. State*, 70 Ala. 13.

There is no error in refusing to give either of the other charges asked by the defendant. They are either abstract, or misleading, or ambiguous, or give undue prominence to a single fact, or assert the proposition that defendant had the right to purge his act of criminality by merely offering to pay for the horse.

Affirmed.