# Howard v. The State.

*Indictment for Larceny and Altering Mark or Brand of Animal.*

1. *Organization of petit jury.*—Irregularity in the organization or empaneling of a petit jury, is waived, if objection because of it is not made before entering on the trial, and will not be considered for the first time in this court.

2. *Indictment; joinder of offenses.*—Larceny of an animal mentioned in Code, §§ 3789, 3831, or the marking or branding such with intent to defraud, or altering or defacing the mark or brand, being offenses of the same general nature, belonging to the same family of crimes, and the mode of trial, nature and degree of punishment being the same, they may be joined in different counts of the same indictment.

3. *Election under indictment charging offenses in different counts.*—

[Howard v. The State.]

When distinct felonies are charged in different counts, the accused cannot as a matter of legal right, compel an election by the State, as to which offense it will prosecute; but the court should always interpose, either by quashing the indictment, or by compelling an election, when an attempt is made, as manifested either by the indictment or the evidence, to convict the accused of two or more offenses growing out of distinct and separate tranactions; but should never interpose in either mode, when the joinder is simply designed and calculated to adapt the pleading to the different aspect in which the evidence on the trial may present a single transaction.

4. *Motion to exclude entire evidence on ground of insufficiency.*— Where on the close of the evidence for the State, a motion is made to exclude the evidence because of its insufficiency to support a conviction, the motion should be denied when there is evidence on the issue which should properly be submitted to the jury. Whether there be any evidence or not, is a question for the judge; whether it is sufficient evidence, is a question for the jury.

5. *Charge to jury.*—Charges to the jury that on *"a likelihood"* of defendant's innocence raised by the evidence, they should acquit, or that if from the evidence it is merely *"likely"* that he is guilty, they should acquit, have a tendency to confuse and are properly refused.

6. *Same.*—A charge that "The jury must find the defendant not guilty if the conduct of said defendant upon a reasonable hypothesis, is consistent with innocence," is correct, and should be given.

APPEAL from Washington Circuit Court.

Tried before Hon. WM. S. ANDERSON.

An indictment containing two counts, was returned against F. A. Howard. The first count charged him with larceny of a sheep, the property of William G. Pringle. The second count charges the defendant with marking or branding, or altering the mark or brand of such animal, with intent to defraud.

The prosecutor, W. G. Pringle, testified for the State, that about September 15th, 1893, he saw the defendant driving a flock of sheep, some of which belonged to witness, some to the defendant and others to third parties. The defendant here moved the court to require the State to elect whether it would proceed under the first, or the second count of the indictment. This motion was refused, and defendant excepted. Darby Adam, for the State testified that on September 14th, 1893, he saw near the house of the defendant, a sheep whose mark had been changed from that of Pringle to that of defendant, feeding with sheep of the defendant. That the particular sheep referred to was of an unusual appear-

ance, being white, and having a black spot on one leg and over each eye; that he had often seen that sheep when it bore Pringle's mark. J. H. Stokes, for the State, testified that he had seen several sheep whose mark had been changed from that of Pringle to that of the defendant; that among such, he had noticed a white sheep with a black spot on its leg, but could not say whether it had a black spot over each eye. The defendant objected to the testimony of this witness, as to the change of mark of any sheep other than the one for which defendant was indicted. His objection being overruled, he excepted.

For the defense, two witnesses testified that on the morning of the arrest of the defendant, they searched among his sheep, and in his neighborhood, and found no sheep whose mark had been changed, and none answering the description given by the witnesses for the State. In his own behalf, the defendant testified to facts tending to explain the circumstances of the sheep of other parties being in his flock, and denied having altered any mark.

The testimony being all in, the defendant moved separately, to exclude the evidence for the State, and to require the solicitor to elect whether to proceed under the first or second count of the indictment. The first motion was overruled and the solicitor voluntarily agreed to proceed under the first count.

The defendant excepted to the refusal of the court to give the following charges requested by him in writing: "(E.) The jury must find the defendant not guilty if the conduct of said defendant upon a reasonable hypothesis is consistent with innocence." "(1.) The court charges the jury that if they believe from the evidence that there is any likelihood of the defendants innocence, they should acquit him." "(2.) The court charges the jury that if the evidence satisfies them that it is merely likely that the defendant is guilty, they should acquit him."

The defendant was convicted of larceny, and appeals.

CLARKES & WEBB, for appellant.

W. C. FITTS, Attorney-General, contra.

BRICKELL, C. J.—1. Irregularity in the organiza-

tion or impannelling of a petit jury, is waived, if objection because of it is not made before entering on the trial.   If first presented on error, as in the present case, as cause for the reversal of a judgment of conviction, it comes too late.   It is not necessary, therefore, to decide whether in the organization of the petit jury, in the events which had occurred, there was regularity or irregularity.—1· Thompson on Trials, § 113.

2,   Larceny of any one of the domestic animals enumerated in the statute, or the marking or branding of them with intent to defraud, or altering or defacing a mark or brand, is a felony.—Cr. Code, §§ 3789-3831.   The several offenses are of the same general nature, belong to the same family of crimes; and the mode of trial, nature and degree of punishment are the same.   Joining, or including them in different counts of the same indictment, is sanctioned by the rules of the common law as it prevails in this State, and by long usage.—1 Brick Dig. 520, §§ 750-51; 3 Brick. Dig. 281, § 474. The theory on which the joinder proceeds, is, that each count alleges a distinct, substantive offense; but in practice, it is generally intended to meet the different phases in which the evidence may present the same offense.— *Adams v. State*, 55 Ala. 143; *Orr v. State*, 107 Ala. 35.

3.   In *Mayo v. State*, 30 Ala. 32, it was said: "When two distinct felonies, are charged in different counts, it is not a matter of legal right pertaining to the accused, that the State should be compelled to elect for which one of the offenses it will prosecute; nor will the court compel such election, when the two counts are joined, in good faith, for the purpose of meeting a single offense. It is a practice sanctioned by common custom, and by the law, to charge a felony in different ways, in different counts of the indictment, so as to provide for the different phases which the evidence may present upon the trial; and when such is the *bona fide* purpose of the joinder of counts, the court never exercises its power of quashing the indictment or compelling an election." After citing many authorities in support of the proposition, the court proceeds: "The principle to be extracted from these authorities is, that the court should always interpose, either by quashing the indictment, or by compelling an election, when an attempt is made, as manifested by either the indictment or the evidence, to

[Howard v. The State.]

convict the accused of two or more offenses growing out of distinct and separate transactions; but should never interpose in either mode, when the joinder is simply designed and calculated to adapt the pleading to the different aspects in which the evidence on the trial may present a single transaction." The doctrine of this case was reaffirmed in *Orr v. State, supra,* at the last term, and observing it, the several motions of the defendant to compel the State to elect on which count of the indictment it would proceed, or the particular animal which it claimed as the subject of the offense, were properly overruled. Voluntarily, after the evidence was closed, the prosecuting officer elected to proceed on the first count, and for a particular animal, as the subject of the offense, and this was the full measure of the right of the defendant in any event.—Wharton Cr. Pl. § 290.

4. The evidence of Stokes that he had seen several sheep of the prosecutor, with the marks changed to the mark of the defendant, was not subject to any just objection. The tendency of the evidence was to fix on the defendant knowledge of the sheep of the prosecutor, and of his mark, a fact material in any phase or aspect of the case.

5. The motion made by the defendant on the close of the evidence offered by the State, for the exclusion of the evidence, because of its insufficiency to support a conviction, was properly overruled. On every trial by jury in a civil or criminal case, there may arise a preliminary question, a question of law the court must decide; and that is, whether the party on whom rests the burden of proof, has introduced evidence which ought properly to be submitted to the jury, in support of the issue he is bound to maintain. As the principle is expressed by Greenleaf, borrowing the language of Buller, J., in *Company of Carpenters,* &c. 1 Doug. 375: "Whether there be any evidence or not, is a question for the judge; whether it is sufficient evidence is a question for the jury."—1 Green. Ev., § 49. The degree of the evidence, whether it must be of such force that in the opinion of the court, the jury could reasonably conclude the issue was proved, or the burden of proof satisfied; or whether it may have only a tendency to establish the issue, the necessities of this case do not require us to consider. It is enough to say, there was not that

want of criminating evidence—such want of evidence of every fact material to a conviction—as required that the court should withdraw it from the consideration of the jury. The facts and circumstances in evidence, if dissevered and disconnected, may be weak and inconclusive ; but their probative force, when combined, as it was the province of the jury to combine them, under proper instructions from the court, may have satisfied them of the guilt of the defendant. If in their conclusions the jury should err ; if their verdict should be manifestly wrong; if the evidence was not of that degree justifying a conviction of crime, the court should apply the correction of a new trial.

6. There is no prescribed formula—no certain, conventional method, which must be observed in framing instructions to a jury. The instructions must embody correct legal propositions applicable to the issues and evidence, expressed in clear, unambiguous language, free from all involvement, and from all tendency to mislead or to confuse the jury. These are the essential elements of instructions, as defined by repeated decisions of this court ; and instructions requested wanting in them, have been often declared properly refused. In *Bain v. State*, 74 Ala. 38, it was *held*, that a charge requested in these words : ''A probability of the defendant's innocence is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal,'' asserted a correct legal proposition. The court said : *"Probability* is the state of being probable ; and *probable* has been defined to be, ' having more evidence for than against'—'supported by evidence which inclines the mind to belief, but leaves some room for doubt'—Webster's Dict.; Worcester's Dict. It clearly involves the idea of *preponderance* of evidence, as used in connection with testimony. Manifestly, if the evidence *preponderates* in favor of the prisoner—that is, if the evidence in his favor *outweighs* or *overbalances* that against him—it is impossible for a jury not to entertain a reasonable doubt as to his guilt.'' There are a number of decisions since, approving of this principle or doctrine. This is the first case reaching this court, in which there has been the experiment of substituting in such an instruction, other words asserted to be the equivalents or synonyms of *probable* and *probability*. In several of the instructions requested and re-

fused, we find the words *likely* and *likelihood*, instead of *probable* and *probability*. Whatever may be the true significance of these substituted words, however closely they may in some of their significations approximate the words for which they are substituted, their employment in connection with evidence in courts of justice, is unusual and, to say the least, would tend to confuse, rather than to enlighten and aid the jury. There can be no assurance that the jury would ascribe to them no other significance than that which is attached to *probable* and *probability*, when applied to the evidence they are to consider. While, as we have said, there is no formula, no conventional method, to which instructions must conform, it is essential that the language in which they are expressed be not ambiguous, but be clear, accurate and precise in its meaning; and an instruction which has a tendency to mislead, or to confuse the jury, if not explained so as to free it of this tendency, may be properly refused. There was no error in the refusal of the several instructions to which we are referring.

In every criminal case, the burden rests upon the prosecution to show beyond a reasonable doubt, and to the exclusion of every other reasonable hypothesis, every fact or circumstance necessary to fix the guilt of the accused. In the present case, if the conduct of the accused, i. e. his acts as developed in the evidence, was explainable upon a reasonable hypothesis consistent with his innocence, there was reasonable doubt of his guilt, entitling him to an acquittal.—*Jones v. State*, 90 Ala. 629. This is the proposition embodied in the instruction marked "E", and its refusal was error.

For the error pointed out, the judgment must be reversed and the cause remanded; the defendant will remain in custody until discharged by due course of law.