(81 South. 846)

## WELDON v. STATE. (7 Div. 545.)

(Court of Appeals of Alabama. April 15, 1919.
Rehearing Denied May 6. 1919.)

1. LARCENY ⬥32(6) — INDICTMENT — OWN-
ERSHIP OF MONEY—CITY.

Where by special arrangement between city
and light and water commission city had spe-
cial property interest in money collected for
commission, indictment against city clerk charg-
ed with collecting such money for larceny prop-
erly laid ownership in city.

2. LARCENY ⬥1 — TRESPASS ⬥1 — ELE-
MENTS.

In larceny there must be a trespass, and a
trespass is a wrong to the possession.

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Tres-
pass.]

3. LARCENY ⬥15(3) — APPROPRIATION BY
SERVANT—CONSTRUCTIVE POSSESSION.

In order to render offense larceny where
there is appropriation by a servant who is al-
ready in possession, property must have been in
the constructive possession of master, and in
order for property to be in constructive posses-
sion of master, property must once have been
in his possession and have been delivered by
him to servant.

4. EMBEZZLEMENT ⬥9 — LARCENY ⬥15
(3)—APPROPRIATION BY SERVANT.

If money comes to possession of servant
from a third person and has never been in pos-
session of master, and servant converts it, it
may be embezzlement, but not larceny.

5. LARCENY ⬥15(3)—CITY CLERK—POSSES-
SION OF MONEY.

Where city clerk was charged with duty of
collecting money due light and water commis-
sion, city having by special arrangement a prop-
erty right in the money, clerk converting money
before deposit to credit of city was not guilty of
larceny and this though money was placed in
cash drawer before conversion; city not having
provided cash drawer as a depository.

Appeal from Circuit Court, Talladega Coun-
ty; Hugh D. Merrill, Judge.

Austin G. Weldon was convicted of lar-
ceny, and he appeals. Reversed and re-
manded.

Defendant was indicted under five counts.
Four of the counts charged embezzlement,
and one charged grand larceny. The defend-
ant was convicted under the larceny count,
and from the judgment appeals.

Riddle & Riddle, of Talladega, for appel-
lant.

J. Q. Smith, Atty. Gen., and Richard Evans,
Asst. Atty. Gen., for the State.

SAMFORD, J. [1] The defendant was the
city clerk and tax collector for the city of
Talladega. As such, it was his duty to col-
lect all money due the city, and make a
record thereof, and also to act as clerk and
collect all moneys due the Talladega light
and water commission. The money when
collected was to be deposited in the bank.
During the period covered by the indictment
there was a shortage between the amount
collected for the light and water commission
and the amount deposited of about $2,300.
Under an arrangement between the city and
other parties in interest, the city of Tal-
ladega had a special property interest in the
money collected for the light and water
commission, and therefore the ownership of
the money was properly laid in the city of
Talladega. There was evidence tending to
prove the conversion of the $2,300 by the
defendant before it was deposited in the
banks to the credit of the city or to the
light and water commission.

The question of importance in this case is:
Can the defendant be convicted of larceny
under the facts as presented? The defend-
ant was admittedly the agent of the city and
the light and water commission to collect
the money and to deposit it. If the defend-
ant had the right to collect the money and
did collect it as such agent, then there was
no element of a felonious taking from the
possession of his principal, which was nec-
essary to a conviction where the ownership
of the property is laid in the principal. If
the collection was made and the money taken
from the debtor to the city, in such manner
and under such circumstances as to have con-
stituted larceny, then the trespass would have
been against the possession of the debtor,
and in that event the ownership would have
been laid in the debtor, and not the city. In
either of these events, the defendant would
have been entitled to the affirmative charge
on the larceny count.

[2-4] In efforts to maintain and uphold
judgments of courts in cases of dishonesty,
the appellate courts have clouded, rather than
elucidated, the distinction between embezzle-
ment and larceny. But one thing remains
clear, and that is that in larceny there must
be a trespass and a trespass is a wrong to
the possession. Holbrook v. State, 107 Ala.
154, 18 South. 109, 54 Am. St. Rep. 65; 25
Cyc. 22. In order to render the offense lar-
ceny, where there is an appropriation by a
servant who is already in possession, it must
appear that the property was at the time
in the constructive possession of the master.
25 Cyc. 22. In order for property to be in
the constructive possession of the master, the
property must once have been in his pos-
session, and have been delivered by him to
the servant. Roscoe on Criminal Evidence,
§ 646; 25 Cyc. 26. But, if the money comes
to the possession of the servant from a third
person and has never been in the possession
of the master, and the servant converts it,
it may be embezzlement, but not larceny.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Holbrook v. State, supra; Com. v. Berry, 99 Mass. 428, 96 Am. Dec. 767; 9 R. C. L. 1271, par. 11; Talbert v. State, 121 Ala. 36, 25 South. 690. In other words, a servant has possession, as distinguished from custody, where property is received from a third person for the master, until he delivers it to the master or has put the master in possession by depositing it in a depositary provided by the master for that purpose; until he has done this, if he fraudulently appropriate the property, it is embezzlement. Com. v. King, 9 Cush. (Mass.) 284; Rex v. Walsh, 2 Leach C. C. 1054; State v. Johnson, 49 Iowa, 141; Rex v. Bagley, 2 East. P. C. 571; Reg. v. Betts, Bell, C. C. 90. If, on the other hand, the property has been delivered to the master, and the fraudulent conversion takes place by the servant, it is larceny.

[5] In this case it does not appear from the testimony of the state that the money collected by the defendant was ever placed in the depositary provided by the city; but, on the contrary, it was claimed, and the state's evidence tended to show, that the money was collected and not deposited, and therefore this case is differentiated from Lacey v. State, 13 Ala. App. 212, 68 South. 706, and the authorities there cited. There is, however, in the testimony of the defendant a casual allusion to a cash drawer in which Osborn, one of the collectors for the city, after collecting the money due the city or the water company, would put it; and, when there was a sufficient amount, defendant would deposit it in the bank. If this cash drawer was a depositary provided by the city for the deposit of its funds as collected from the various sources of its revenue, and this money was so deposited, and afterwards was taken and converted by the defendant with the felonious intent, it would be larceny; but, under the facts as here presented, it does not so appear. Non constat, it was a cash drawer provided either by Osborn or the defendant for their convenience in keeping money in the possession of the defendant. Under the facts as presented, the defendant could not be convicted of larceny, and the court erred in refusing to give to the jury the general affirmative charge as to the larceny count.

The judgment is reversed, and the cause remanded.

Reversed and remanded.