(90 South. 72)
## SHIREY v. STATE. (6 Div. 625.)

(Court of Appeals of Alabama. Jan. 11, 1921. Rehearing Denied April 5, 1921.)

1. Embezzlement ☞11(2)—Larceny ☞15(3)—Whether fraudulent conversion of funds constituted larceny or embezzlement depended on whether defendant was trespasser or agent.

Where the evidence showed that only one act, the fraudulent misappropriation of money by a public employé, was being charged by various counts, the misappropriation was either larceny or embezzlement depending upon whether the taking constituted a trespass or whether it was fraudulent conversion of funds coming into defendant's hands as an agent.

2. Indictment and information ☞125(41)—Larceny and embezzlement may be charged in same count in alternative.

Under Code 1907, § 7151, larceny and embezzlement can be charged in the same count in an indictment in the alternative.

3. Criminal law ☞753(1)—Indictment and information ☞132(5)—Refusal to give peremptory charge on larceny under indictment containing counts for embezzlement and larceny not error, and no election required.

In a prosecution under an indictment containing counts for larceny and embezzlement, where the evidence showed that only fraudulent misappropriation was being charged, the refusal to give a peremptory charge on the larceny counts was not error; the state not being compelled to elect under which count it would prosecute, nor the jury forced to elect under which count they would convict.

4. Criminal law ☞1186(4)—Conviction not set aside for error when no substantial injury.

In prosecution under an indictment containing 19 counts for grand larceny and embezzlement, where the facts prove defendant guilty of embezzlement charged in some of the counts, which necessarily exclude proof of trespass, the refusal to give an affirmative charge as to

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

larceny, while technically erroneous, is without prejudice to defendant, and not a ground for reversal by reason of Code 1907, § 6264, providing that a conviction must not be set aside because of error, when the court is satisfied that no injury resulted therefrom to defendant.

**5. Embezzlement ⬤═8, 30—Allegation of ownership of money embezzled not necessary.**

In prosecution under an indictment containing counts for larceny and embezzlement, defendant having been appointed by a state employé under Acts 1911, p. 634, to collect license fees, where the arrangement defendant had with the state employé was as an agent of the employé, and the money was paid to him by reason of this agency, when he fraudulently converted such money to his own use, defendant was guilty of embezzlement, and it made no difference in whom the title to the money rested; allegation of ownership not being necessary in an indictment for embezzlement.

On Rehearing.

**6. Criminal law ⬤═1133 — Filing of brief and certificate of delivery to Attorney General condition precedent to rehearing.**

Application for rehearing to the Court of Appeals under rule 38 (198 Ala. xiii, 77 South. vii), will not be received and filed, unless such application is accompanied by a brief for the appellant and a certificate that a copy of such brief has been delivered to the opposing counsel within 15 days after the rendition of judgment.

Appeal from Circuit Court, Jefferson County; F. Lloyd Tate, Judge.

W. C. Shirey was convicted of embezzlement and larceny, and he appeals. Affirmed. Certiorari denied 206 Ala. 167, 90 South. 75.

Roderick Beddow and Ben F. Ray, both of Birmingham, for appellant.

The agency existed between the Secretary of State and A. P. Stephens only under Acts 1911, p. 643. 91 Ala. 170, 8 South. 666, 24 Am. St. Rep. 883. If Shirey was a subagent of Stephens there was no privity between him and the Secretary of State. 75 Ala. 464; 13 Ala. App. 212, 68 South. 706; Acts 1911, p. 643; 16 Ala. App. 119, 75 South. 711. A. B. Stephens then owned no property right in the fund. 121 N. Y. 367, 24 N. E. 845; 79 Ala. 201, 58 Am. Rep. 590. Shirey was then answerable only to the chauffeurs, whose money he received. Authorities supra. The larceny counts are covered by the proceeding reported in 17 Ala. App. 68, 81 South. 846, and the authorities there cited. Count 3 of the indictment is drawn under section 6828, Code 1907, and is not supported by the facts in this case. 16 Ala. App. 99, 75 South. 647.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictments were not subject to any of the demurrers. 2 Ala. App. 157, 56 South. 57; 129 Ala. 80, 30 South. 582, 87 Am. St.

Rep. 17; 152 Ala. 56, 44 South. 585; 77 Ala. 26; 15 Ala. App. 67, 72 South. 552; 121 Ala. 13, 25 South. 1023; 10 Ala. App. 111, 65 South. 197. The case of Hinderer v. State, 38 Ala. 415 is on all fours with the present case. See, also, 74 Ala. 1; 74 Ala. 26; 144 Ala. 63, 39 South. 821, 3 L. R. A. (N. S.) 412; 12 Ala. App. 133, 67 South. 723. The counts were properly joined. Section 7151, Code 1907. The court properly overruled the demurrers to the evidence. 15 Ala. App. 72, 72 South. 557; 141 La. 732, 75 South. 663.

SAMFORD, J. The indictment contained 19 counts, charging defendant in various ways with grand larceny and embezzlement. The facts as disclosed by the record, so far as they are necessary to a decision of this case, are as follows: Alton P. Stephens was appointed, by the Secretary of State of the state of Alabama, as one of his assistants, to collect certain license fees in Jefferson and Shelby counties, under authority of an act of the Legislature approved April 22, 1911 (Acts 1911, p. 634), which act also fixed the fees to be paid by licensed chauffeurs operating automobiles, and also provided how application for licenses were to be made.

It was required as a part of these applications for these licenses that they should be sworn to before an officer authorized to administer oaths. The defendant was such an officer, and as such was entitled under the law to a fee of 50 cents for each applicant, whose affidavit he should take. The defendant having an office in the courthouse in Jefferson county, Stephens appointed him as his (Stephens') agent, to take applications for these licenses and to collect the proper fees, which, when collected, were to be turned over to Stephens, together with the applications, to be in turn forwarded to the Secretary of State. The defendant, acting under this arrangement, collected from numerous persons license fees aggregating several hundred dollars, which he failed to turn over to Stephens or to the Secretary of State, but embezzled or fraudulently converted to his own use. Under the evidence there is no doubt but that the defendant is guilty as charged in the indictment, either of larceny or of embezzlement.

The defendant insists that he is entitled to a reversal, first, because there was not sufficient evidence to sustain the larceny counts, and that the court erred in refusing to give at his request in writing the general affirmative charge as to these counts. In the case of Weldon v. State, 17 Ala. App. 68, 81 South. 846, in a case where the defendant was convicted on a charge of larceny, this court reversed the judgment, because the evidence did not sustain the charge of which the defendant was convicted, and the verdict, being specifically referable to the larceny count,

could not be referred to the counts charging embezzlement. In the instant case, the verdict is general, and referable to any good count in the indictment. Handy v. State, 121 Ala. 13, 25 South. 1023.

[1-3] The evidence in this case shows, without conflict, that only one act was being charged in the various counts in the indictments, to wit, the fraudulent misappropriation of certain funds. That this misappropriation constituted a crime, either larceny or embezzlement, is beyond question, depending upon whether the taking constituted a trespass or whether it was the fraudulent conversion of funds coming into defendant's possession as an agent. Being kindred offenses and subject to the same punishment, the defendant might have been charged with both in the same count of the indictment, in the alternative (Code 1907, § 7151), or, as was done in this case, in separate counts. Orr v. State, 107 Ala. 35, 18 South. 142. The object of such pleading being, not to convict the defendant of distinct offenses, but of the single offense established by the evidence. Orr v. State, supra. The theory of the law, in permitting this character of pleading in such cases, is to meet every probable contingency of the evidence. Under such a state of facts the state cannot be compelled to elect under which particular count it will conduct its prosecution. Neither can the jury any more be forced by instructions of the court to elect under which count they will convict. Jackson v. State, 74 Ala. 26; Mayo v. State, 30 Ala. 32; Howard v. State, 108 Ala. 571, 18 South. 813; Butler v. State, 91 Ala. 87, 9 South. 191.

[4] Where there is the slightest evidence from which the jury might draw a conclusion as to guilt under either count the affirmative charge should not be given, and where the facts in evidence as in this case conclusively and admittedly prove the defendant to be guilty of the embezzlement of the funds laid in the indictment and as charged in some of the counts in the indictment, which facts necessarily exclude proof of trespass, a refusal of the court to give the affirmative charge as to the larceny counts, while technically erroneous, is without any possible prejudice to the defendant, it not being probable that the jury would have rendered a verdict other than they did, had the charge been given as requested. Especially is this true, as the court correctly, at the request of the state, instructed the jury that:

"If they believed the evidence beyond a reasonable doubt, they must find the defendant guilty."

What possible prejudice could there be? Admittedly guilty of embezzlement. A crime of the same family as larceny. The punishment the same. The proceedings in this case a bar to any subsequent prosecution involving the same transaction. It would result in a lamentable maladministration of justice if the principle should obtain that a judgment should be reversed on account of the uncertainty of the trial judge as to the highly technical distinctions between actual and constructive possession, distinguishing the name of the crime for which the defendant was being prosecuted, when the defendant was admittedly guilty of the criminal act involving the same property. Code 1907, § 6264.

[5] The defendant's principal, named in the various counts charging embezzlement, was described as "Alton P. Stephens," "Alton P. Stephens as Chauffeur License Collector," "Alton P. Stephens as Chauffeur License Inspector of the State of Alabama." The act of the Legislature of 1911 (Acts 1911, p. 634) places on the Secretary of State the duty of collecting chauffeur license fees and of issuing licenses to such persons as qualified under the act, and section 15 of the act authorized the Secretary of State to employ "such clerical assistance as may be by him deemed advisable for the proper performance of the duties imposed upon him by this act. In his discretion he may employ not more than two assistants to carry out the provisions of this act." In the act neither the clerks nor the assistants provided were given a title or name. Under this general authority the Secretary of State employed Alton P. Stephens to collect chauffeur licenses in Jefferson and Shelby counties, and to take applications from parties desiring such licenses and forward the applications, together with the license fees, to the Secretary of State, who would himself issue and return the licenses, for delivery to the parties to whom issued. Stephens in his testimony styles himself "State and County License Inspector," but such title was not authorized by law, and means nothing. He was nothing more or less than an employé of the state under authority of the act supra, under the direction of the Secretary of State, and as such had no authority to delegate to another the authority to collect the money due the state, in such sort as that payment to the agent of Stephens would ipso facto discharge the obligation of the payer to the state. But under his contract of employment Stephens was interested in the funds collected to the extent of 15 per cent. of the aggregate amount, and, having made the arrangement with the defendant for the collection of the money, and, the applicants for license, relying upon this, having paid the money to the defendant, Stephens thereby became obligated to the original applicants to see that their obligations to the state were liquidated. Having such interest and the amounts having been paid by the original applicants to the defendant under the arrangements with Stephens, there can be no doubt but that Stephens could have maintained an action for money had and re-

ceived as against the defendant for its recovery. Such arrangement as Stephens had with the defendant with reference to collecting the money was as an individual and the defendant, under the facts of this case, was the agent of Alton P. Stephens, the money was paid to him by reason of this agency, and when he fraudulently converted it to his own use he was guilty of embezzlement. It makes no difference in whom the title to the money rested, whether in the state or in the various parties from whom defendant received the money, Stephens was responsible either to the one or the other, and, if an allegation of ownership were necessary, which in embezzlement is not, would be properly laid in Stephens. Hinderer v. State, 38 Ala. 415.

The state, under the undisputed evidence, being entitled to the general affirmative charge, which at its request was given, it is not necessary to pass upon the other questions raised.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[6] The Attorney General moves the court to strike the application for rehearing filed in this cause, and assigns as ground therefor that the application does not comply with the requirements of Supreme Court rule 38 (77 South. vii), in that the brief accompanying said application failed to have a certificate of counsel that a copy of the brief had been delivered to the opposing counsel within 15 days after the rendition of the judgment.

Rule 38 as amended and as set out on page xiii of 198 Ala. (77 South. vii), provides that all applications for rehearing must be filed with the clerk of the court, accompanied by a brief for the applicant and a certificate that a copy of such brief has been delivered to the opposing counsel within 15 days after the rendition of judgment, whether such period extends beyond the term of court or not, and that no application shall be received or filed that is not presented within strict compliance with this rule. The application for rehearing does not comply with the rule, in that there is no certificate of counsel that a copy of the brief was delivered to the Attorney General, who under the law is the attorney of record in this court for the state in all cases where the state of Alabama is a party. This construction of the ruling finds support in the following cases: State ex rel. Attorney General, 185 Ala. 347, 64 South. 310; Ex parte Fred Locklear (7 Div. 168) 205 Ala. 236, 87 South. 712. It follows that the motion of the Attorney General must be granted.

However, the court ex mero motu has carefully considered this record in connection with the brief filed by appellant's counsel in connection with the application for rehearing, and after such consideration sees no good reason for changing its conclusions arrived at on the original submission.

The motion to strike is granted.