## JOHNSON *vs.* THE STATE.

[INDICTMENT FOR OBTAINING MONEY UNDER FALSE PRETENSES.]

1. *Joinder of different offenses.*—Obtaining money under false pretenses, and larceny from the person, being offenses of the same general nature, belonging to the same family of crimes, and punishable in the same manner, though with different degrees of severity, may be joined, in different courts, in the same indictment.

2. *Exception, when necessary.*—The refusal of the court to require the solicitor, on motion of the defendant, to elect on which count in the indictment he would proceed, will not be revised by the appellate court, when no objection or exception was reserved to it.

3. *Evidence against conspirators.*—Where a privity and community of design has been established, the acts, declarations, and conduct of any one of the associates, in furtherance of their common purpose, are admissible evidence against the others.

4. *Competency of evidence, when shown.*—If evidence is improperly admitted by the court before the proper predicate has been laid for its reception, the error is cured by the subsequent introduction of the preliminary proof.

5. *Evidence admissible to prove fraudulent intent.*—It being shown that the prosecutor's money was borrowed by an accomplice of the prisoner, to stake on a pretended bet with him; that the prisoner, claiming to have won the bet, seized the money, and went away with it; and that his accomplice then gave the prosecutor a fictitious bank check for a large amount, which was refused payment on presentation,—*held*, that the evidence in relation to the check was admissible, as tending to prove the fraudulent intent of the prisoner and his accomplice.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case was against Wm. R. Johnson and one Anderson, and contained three counts ; the first two for obtaining money under false pretenses from one J. R. Thomas, and the third for larceny from the person. Johnson being alone on trial, demurred to the indictment, "on the ground that two distinct felonies were charged in it": but the court overruled his demurrer.

"On the trial," as the bill of exceptions states, "the State offered one J. R. Thomas as a witness, who testified, that one Anderson (who is named in the indictment) introduced himself to witness at a steamboat about the wharf, and he thus became acquainted with him; that soon after their acquaintance, he was walking with said Anderson along one of the streets, in consequence of Anderson's invitation, and was in conversation with him. The solicitor then asked the witness, what Anderson said in regard to himself, the place he came from, his occupation, &c.; to which question the defendant objected, because it was irrelevant, and because the declarations of Anderson could not be evidence against him, without first showing some connection or communication between them. The court overruled the objection, and the defendant excepted."

"The said Anderson then testified, among other things, none of which were illegal or improper as evidence, that after some conversation with said Anderson, they met the defendant, Johnson, who was a stranger, and whom he had never before seen; that Anderson and Johnson entered into

some conversation, not particularly noticed by witness, but he heard Anderson ask Johnson if he lived here, to which the latter answered, that he did not,—that he was an agent for some company that manufactured some balls, or shells, (one of which he had with him, and which he produced and exhibited to them, remarking at the time that there was a paper inside of it); that Anderson then took the ball, and, while he was examining it, Johnson went away a short distance; that Anderson, after opening the ball, took out the paper, and threw it down, proposing to witness that they should bet with Johnson that there was no paper in the ball; that witness declined this, on the ground that he never bet anything; that when Johnson returned, he and Anderson made a bet about the paper being in the ball, Anderson putting up his watch; that Anderson then asked witness to let him have all the money he had, that he might bet with Johnson,—saying, that he would refund it again, that he was sure that he would win, and that witness should not suffer if he lost the bet; that witness then took out his purse, which contained $180, which Anderson then took; that he did not see Johnson put up or have any money; that Anderson was talking to witness, immediately before this, in a low tone, and it seemed to him that he had not altogether his senses or natural feelings about him; that after the bet was made, and after Anderson had got the money, the ball was opened, and Johnson claimed that he had won the watch and money, and seized them and went off; that Anderson then produced a paper, and handed it to witness, telling him that it was a check on the Bank of Mobile, for $3,980, that he need not be afraid of losing anything, and that he (A.) was going off in pursuit of the man who had his watch, which he was determined to get back again; that Anderson then left him, and ran after Johnson, and he had not since seen him. The paper, which was produced, was a check on the Bank of Mobile, for $3,980, signed by fictitious persons. The defendant then moved to exclude from the jury the testimony in regard to the check, because it was subsequent to the getting of the money, and formed no part of the inducement to witness to part with the money, and was irrelevant; which motion the court overruled, and the defendant excepted.

"The State then offered as a witness H. Maury, the marshal of the city, who, after testifying as to the defendant's arrest, was asked by the solicitor if he had not presented said check to the Bank of Mobile for payment, and if it had not been refused; to which the defendant objected, because the evidence was hearsay, because it was not the best evidence of a refusal of payment, and because it was irrelevant. The objection was overruled, and the defendant excepted. The witness then stated, that he knew no such person as the names purporting to be signed to the check, and that he believed the names were fictitious, and represented no real person; that he presented the same to the Bank, and was not paid; and that he received the check from Thomas, and it was the same spoken of by him.

"After the evidence was closed, the defendant's counsel moved the court, that the solicitor be required to select on which count or counts in the indictment he would proceed, as the charges in the first two and in the third were incompatible, according to the allegations of the indictment and the proof; which motion was refused,—the presiding judge saying, that the difficulty would be corrected by him by instructing the jury; and the solicitor saying, that he would only ask the jury to find a verdict upon one count. The court charged the jury, among other things, as to what was necessary in law to constitute the offenses of larceny and getting money under false pretenses, and instructed them, that if they believed the prisoner guilty of larceny only, they might so find him under the third count, and that if they believed the proof was sufficient as to the false pretenses, they might find him guilty under either the first or second count; to which charge the defendant excepted."

The jury having found the defendant "guilty as charged in the indictment," he moved in arrest of judgment, 1st, because the first two counts did not charge any offense punishable by law; 2dly, because the first two counts were inconsistent with the third; 3dly, because the verdict of the jury was general, and therefore no judgment could be rendered on it; and, 4thly, because the verdict did not find the value of the property, nor whether it was obtained by false pretenses or

larceny. The court overruled the motion, and sentenced the defendant to five years imprisonment in the penitentiary.

WM. BOYLES, D. C. ANDERSON, and B. LABUZAN, for the prisoner.—1. The demurrer to the indictment should have been sustained. Two distinct felonies, for which the law has provided different punishments, cannot be joined in the same indictment, though in different counts.—Arch. Cr. Pl. 72; 11 Geo. R. 230; 14 Sm. & Mar. R. 120; 2 McCord, 257; 7 Blackf. 188; 2 Carter's (Indiana) R. 95; Rich. 260; 8 Blackf. 489; 8 Ala. 231; 22 ib. 12, 18; 8 Wend. 203; 9 ib. 193; 1 Moody's C. C. 237, 277.

2. The court erred, in admitting the evidence in regard to the check left by Anderson with the prosecutor. It was no part of the original transaction, was no inducement to the prosecutor to part with his money, and was never used by the prosecutor.

3. The solicitor should have been required, on the defendant's motion, to elect on which count of the indictment he would proceed.—Roscoe's Cr. Ev. 231; 1 Moody's C. C. 234; 1 Moody & R. 71; 8 Wend. 203; 8 N. H. 163.

4. The court erred, also, in overruling the motion in arrest of judgment. When two or more distinct offenses, punished differently, are charged in different counts in an indictment, a general verdict of guilty is bad for uncertainty, and does not authorize a judgment of conviction under either count. 11 Clarke & F. 155; Campbell v. Regina, 63 E. C. L. 799; 14 Sm. & Mar. 125; 1 Strobh. 455; 11 Geo. 231; 2 McCord, 257; 7 Blackf. 186; 9 Wend. 196; 1 Mason, 170; 3 Grattan, 616; 1 Spencer, 414.

M. A. BALDWIN, Attorney-General, contra.—1. The demurrer to the indictment, and the motion in arrest of judgment, bring up the same question. Distinct offenses may be included in the same indictment, in several counts, when they are of the same general nature, and the mode of trial and nature of the punishment are the same, though punished with different degrees of severity.—Carlton v. Commonwealth, 5 Metcalf, 532; The People v. Baker, 3 Hill, 159; Lilly v. The State, 3 Missouri, 10; Frazier v. The State, 5 ib. 536; McGregg v.

The State, 4 Blackf. 101; Campbell v. The State, 9 Yerger, 335; Commonwealth v. Gillespie, 7 Serg. & R. 469; The State v. Pile, 5 Ala. 73; United States v. Peterson, 1 Woodbury & M. 318; 1 Chitty's Criminal Law, 253.

2. If the evidence sustains any one of the counts, the jury may find a general verdict.—People v. Olcott, 2 John. Cas. 311; United States v. Peterson, 1 Woodbury & M. 318, and authorities there cited.

RICE, C. J.—Obtaining any personal property from another, exceeding twenty dollars in value, by false pretenses, with intent to defraud him, is, in this State, a felony, and punishable by imprisonment in the penitentiary, not less than two, nor more than five years.—Code, §§ 3071, 3142. The crime of larceny, when committed by stealing from the person of another, is also a felony, and punishable by imprisonment in the penitentiary, not less than three, nor more than six years.—Code, § 3172.

These offenses are included in the indictment, *in distinct counts*, and are alleged to have been committed by the defendant; and because they are thus set forth, the defendant demurs to the indictment as a whole, and in support of his demurrer contends that there is a misjoinder of counts.

We think the authorities justify us in holding, that two offenses, committed by the same person, may be included in the same indictment, *in different counts*, where they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of the punishment are also the same, although they may be punishable with different degrees of severity.—The King v. Johnson, 3 Maule & Selwyn, 550; Waterman's Arch. Cr. Pl. 94, 95, and notes; The State v. Haney, 2 Dev. & Batt. Rep. 390; State v. Williams, 9 Iredell, 140; Carlton v. The Commonwealth, 5 Metc. R. 532; Josslyn v. The Commonwealth, 6 *ib.* 236; Kane v. The People, 8 Wend. R. 203; The People v. Rynders, 12 *ib.* 425; The United States v. Peterson, 1 Woodbury & Minot's Rep. 305.

The offenses described in the several counts of the indictment in this case, are certainly of kindred character. They belong to "the same family of crimes"; and, under the rule

above announced, may be joined in the same indictment, *in several counts.* Such joinder ·constitutes no ground for a demurrer to the indictment, nor for a motion in arrest of judgment.

We cannot revise the refusal of the motion made by defendant, "to require the solicitor to select on which count or counts of the indictment he. would proceed."· If there be no other reason why we will not revise that refusal, it is enough that no objection or exception was made or taken to that ruling of the court.—Gager v. Gordon, at the present term.

No man can be criminally affected by the acts or declarations of a stranger; but, where a privity and community of design has been established, the acts, declarations, and conduct of all the associates, in furtherance of their common unlawful purpose, are evidence against each of them. It may be admitted, that, for want of evidence of such privity and community of design, the declarations of Anderson were not admissible, *at the time they were admitted by the court;* but conceding this to be so, yet immediately afterwards, and during the trial, sufficient evidence of such privity and community of design was introduced, and this cured the error of admitting the declarations of Anderson, and made them clearly admissible. Lawson v. The State, 20 Ala. Rep. 65.

It was material to prove an intent on the part of the defendant and Anderson, to defraud the prosecutor, Thomas, in obtaining from him .his property. Evidence of privity and a community of design between the defendant and Anderson having been introduced, as well as the circumstances under which Thomas had been deprived by their joint performances of his property, the evidence in relation to the check and the refusal of the Bank to pay it, certainly *tended* to prove the fraudulent intent on the part of the defendant and his associate, Anderson, and was very properly admitted.

The authorities cited in the third paragraph of this opinion show, that there is no error in the charge of the court, nor in overruling the motion in arrest of judgment. Whether the jury ought to have found the defendant guilty on all the counts, as they have done, is a question with which we have nothing to do. We do not revise, their action in that particular. We have discharged our duty by revising the action

and rulings of the court.   And in the discharge of that duty we find no error which entitles the defendant to a reversal of the judgment of the court below.   That judgment is affirmed, and the sentence pronounced in the court below must be carried into execution.