## CAWLEY *vs.* THE STATE.

[INDICTMENT FOR LARCENY.]

1. *Regularity of proceedings presumed, against irregularities of minute entries in transcript.*—The appellate court will not presume that the prisoner was tried and sentenced without an indictment, simply because the several minute-entries, showing the trial, conviction and sentence, are copied into the transcript before the indictment.
2. *Joinder of offenses in indictment.*—Two offenses, of the same general nature, and belonging to the same family of crimes, may be charged, in different counts, in the same indictment, where the mode of trial and the nature of the punishment are the same.
3. *Sufficiency of verdict.*—A general verdict of guilty, under an indictment charging two offenses, properly joined in different counts, is sufficient to authorize a judgment and sentence for the punishment prescribed for one of the offenses.

Cawley v. The State.

FROM the Circuit Court of Dallas.
Tried before the Hon. PORTER KING.

THE indictment in this case contained two counts; the first charging the prisoner with larceny from "a dwelling-house;" and the second, with larceny from "a shop." The jury returned a general verdict of guilty, and the court thereupon sentenced the prisoner to confinement in the penitentiary for three years. Before the sentence was pronounced, the prisoner moved in arrest of judgment, "on the ground that there is a general verdict on two counts for separate and distinct offenses." The court overruled the motion, and the prisoner excepted. The several minute-entries, showing the trial, verdict, and judgment, are copied into the transcript before the indictment.

GEO. W. GAYLE, for the prisoner.
M. A. BALDWIN, Attorney-General, *contra.*

A. J. WALKER, C. J.—The first point made in this case is, that, as the sentence is copied into the transcript before the indictment, it must be inferred, that the sentence of the court preceded the finding of the indictment; and that, therefore, the accused was tried and sentenced without an indictment. We cannot sustain this point.

[2–3.] It is objected, that a general verdict of guilty is not sufficient, where distinct offenses, as those of larceny from a dwelling-house and larceny from a shop, are alleged in different counts. After an elaborate and careful review of the authorities, we feel safe in announcing the conclusion, that "two offenses committed by the same person, may be included in the same indictment, where they are of the same general nature, and belong to the same family of crimes, and where the mode of trial and nature of punishment are also the same;" and also, that a general verdict of guilty, where such offenses are joined, is no ground for an arrest of judgment, or of error, where the sentence pronounced does not impose a greater punishment than that

prescribed for one offense.    Our conclusion is fully sustained by the authorities cited below.—*Johnson v. State,* 29 Ala. 62; 1 Arch. Crim. Pl. 95, and notes; Whar. Am. Cr. Law, 422; *U. S. v. Peterson,* 1 W. & M. 305; *State v. Haney,* 2 N. C. Rep. 390; 1 Arch. Cr. Law, 175–6; *Booth v. Commonwealth,* 5 Met. 535; *Carlton v. Com., ib.* 532; *Kane v. People,* 8 Wend. 203; *State v. Hooker,* 17 Ver. 658; *State v. Coleman,* 5 Por. 32; *State v. Mose,* 35 Ala. 421.

Judgment affirmed.