## MILLER vs. THE STATE.

[INDICTMENT FOR ARSON.]

1. *Indictment; when not demurrable.*—An indictment for arson containing four counts, each of which charges the offense in the first degree, but alleges a different house and different ownership, is not liable to demurrer for misjoinder of counts; and is sufficient as a whole if in the form prescribed by the Revised Code.
2. *Same, right of prisoner to be furnished copy of; may be waived.*—The waiver of a prisoner's right to be furnished with a copy of the indictment charging him with a capital offense, apparent on the record, precludes him from making the objection on appeal.
3. *Witness, when wife not competent.*—The wife is not a competent witness to prove an *alibi* for the husband in a criminal case.

APPEAL from Criminal Court of Dallas.
Tried before Hon. GEO. H. CRAIG.

The facts are sufficiently stated in the opinion.

G. W. GAYLE, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra*.

B. F. SAFFOLD, J.—The appellant was convicted of arson in the first degree upon an indictment containing four counts. The first count charged that he " willfully set fire to or burned in the night time a dwelling-house of G. R. Mason, in which there was at the time a human being." The second charges him in like terms with burning a house adjoining a dwelling-house of G. R. Mason. The third differs from the first only in describing the dwelling-house as the property of N. Tate. The fourth differs from the second only in describing the house burned as one adjoining a dwelling-house of N. Tate. The defendant demurred to the indictment as a whole, and also to each count separately. The demurrers were overruled.

The charge in each count of the indictment is of arson in the first degree, and complies with the form prescribed in the Revised Code, which has been held to be sufficient. *Martha v. The State*, 26 Ala. Rep. 72. Separate offenses are charged in each count, but they are of the same character and subject to the same punishment. The statute authorizes them to be joined even in the same count.—Rev. Code, § 4125; *Martha v. The State*, 26 Ala. 72; *Johnson v. The State*, 29 Ala. 62.

The defendant showed to the court that the copy of the indictment served upon him contained only three counts, whereas the original included four. His demurrer was extended to all of them, and the trial proceeded not only without objection, but with his consent. The service of the defective copy of the indictment was not a compliance with the statute, and would be a cause of reversal, if the defendant had not waived it.—*Robertson v. The State*, 43 Ala. 325. By the federal Constitution, article 6, the right of the accused is, to be informed of the nature and cause of accusation. This is considered to be complied with by reading the indictment to him when he is arraigned. Our State constitution, article 1, § 8, requires a copy of the accusation, or indictment, to be given the accused; but,

3

unless he applies for it, this has not been regarded as imperative, except when he is in prison for a capital offense. This right is not one of those features of the trial, the observance of which the common law regarded as so essential to the proper protection of the accused, that even his consent could not dispense with it. He may waive it, and will be bound by his action.

It is the general rule of evidence, that husband and wife can not be witnesses for or against each other. There are some exceptions, as where one is prosecuted for an assault and battery, or other injury, committed upon the other.— *Neill v. The State*. 6 Ala. 685. In this case, the wife was not a competent witness to prove the *alibi* of her husband. 1 Phil. Ev. 90, (4th Am. ed.)

The judgment is affirmed.