# Dorsey v. The State.

*Prosecution for Obtaining Money by Entering into a Written Contract for the Performance of Services with Intent to Defraud.*

1. *Obtaining money under false pretenses by entering into a written contract for the performance of services; sufficiency of complaint.*—A complaint or indictment in a prosecution under section 3812 of the Code, which provides that "Any person who, with intent to injure or defraud his employer, enters into a contract in writing for the performance of any act or service, and thereby obtains money or other personal property from such employer, and with like intent, and without just cause, and without refunding such money, or paying for such property, refuses to perform such act or service, must on conviction be punished as if he had stolen it," must allege the name of the employer, and aver not only that the defendant refused to perform the act or service stipulated for in the contract, but that the money was obtained from him with intent to defraud, and had not been refunded by the defendant.

2. *Same; irrelevant evidence.*—In a prosecution under section 3812 of the Code for entering into a written contract for the performance of labor and obtaining money thereunder, with intent to defraud, and with like intent, refusing to perform the services stipulated and not refunding the money, where it appears that a constable, who had loaned the defendant money with which to pay a fine imposed on con-

[Dorsey v. The State.]

viction for petit larceny in a justice court in which he was constable, obtained from defendant a written contract for services until the loan was repaid, evidence that said constable had formerly arrested defendant's brother on a bogus warrant and hired him out to a third party without authority of law, is irrelevant, illegal and inadmissible.

3. *Same; contract competent evidence.*—In such a case, where there is evidence tending to show that the money was loaned on the written contract, said contract is relevant and admissible in evidence.

4. *Same; failure to prove venue.*—Where in such a prosecution there is no evidence introduced on the trial that the money was obtained, or the labor contracted for was to be performed, in the county where the prosecution was commenced, the general affirmative charge should be given for the defendant for the want of proof of venue.

5. *Same; time when money should be received by defendant; charge to the jury.*—To authorize a conviction in such a prosecution, it must be shown by the evidence that the defendant received the money at the time the contract was made or thereafter, but not necessarily when or after the writing was signed; and a charge which instructs the jury that, in order to convict the defendant, "the evidence must show beyond a reasonable doubt that the defendant received the money at the time or after the contract was entered into," asserts a correct proposition, and should be given.

6. *Same; fraudulent intent necessary ingredient of the offense.*—In order to establish the offense charged in such a prosecution, it must be shown that the defendant entered into the contract with the intent to injure or defraud the employer, and also that he refused to perform the act or service, with intent to injure or defraud the employer, and without just cause and without refunding the money; and the burden of proving both of these intents to injure or defraud is upon the State.

7. *Same; existence of a prior contract does not render contract illegal.* The fact that the defendant in such a prosecution was under an existing contract with another person does not render the contract with the prosecutor illegal.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WM. H. PARKS.

The appellant was tried and convicted under a prosecution which was commenced by a complaint before a justice of the peace, in which it was recited as follows: "Personally appeared I. F. Whitehead, who, being duly sworn, deposeth and saith on oath, that he has probable cause for believing and does believe that the offense of obtaining money under false pretense by entering into a written contract to perform labor and failing or refusing to perform said labor and with intent to injure and de-

[Dorsey v. The State.]

fraud affiant, has been committed in said county by Francis Dorsey, about the 3d day of June, 1895.''

Upon making this affidavit the justice of the peace issued the following warrant : ''Complaint having been made before me by I. F. Whitehead that he has probable cause for believing and does believe that the offense of obtaining money under false pretense by entering into a written contract to perform labor and failing or refusing to perform said work, and with intent to injure or defraud affiant, has been committed in said county by Francis Dorsey, about the 3d day of June, 1895, you are therefore commanded to forthwith arrest the said Francis Dorsey, and bring her before the judge of the criminal court of Pike county.'' The facts of the case are sufficiently stated in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) ''If the jury believe the evidence in this case, the defendant should be acquitted.'' (2.) ''The evidence must show beyond a reasonable doubt that the defendant received the money at the time or after the contract was entered into, or it is the duty of the jury to acquit the defendant.'' (3.) ''If Mr. Whitehead knew that the defendant was a servant of Mr. Blackman's before and at the time defendant entered into said contract or obtained the money, then the contract with Mr. Whitehead would have been illegal, and the defendant would not be liable.'' (4.) ''If the jury believe from the evidence that the defendant refused to work for Mr. Whitehead because while in the employment of Mr. Blackman, through fear of Mr. Blackman, and that such fear was the only moving cause of her refusal to so work, then the defendant would not be liable for such refusal.'' (5.) ''If the jury believe from the evidence that the defendant entered into the contract with Mr. Whitehead through fear of imprisonmet in jail, and that this was the only moving cause of her entering into said contract, then she would not be guilty.''

D. A. BAKER, for appellant.

WM. C. FITTS, Attorney-General, for the State.

HEAD, J.—While section 4204 of the Code authorizes the misdemeanor, for which a warrant is sued out, to be designated, in the sworn complaint, "by name, or by some other phrase which, in common parlance, designates it," yet, it requires, when the offense has been committed on the person or property of another, that the name of the person injured be stated.

The statute (Code, § 3812), under which the conviction was had in this case provides that, "Any person, who with intent to injure or defraud his employer, enters into a contract in writing for the performance of any act or service, and thereby obtains money or other personal property from such employer, and with like intent, and without just cause, and without refunding such money, or paying for such property, refuses to perform such act or service, must on conviction be punished as if he had stolen it." It is apparent from this language, that the employer is the person injured, and injured in his property, just as one whose property has been stolen, or obtained from him by a false pretense of an existing fact, with intent to defraud. The statute requires, in such cases, that his name be stated in the complaint. It is not enough to allege, as was done in the present complaint, that the acts charged were done with the intent to injure and defraud affiant, who is not shown by the complaint to have been the employer whose money or property was obtained and not refunded or paid for.—*Williams v. State,* 88 Ala. 80; *Bell v. State,* 75 Ala. 25. This point is not raised even in the demurrer which we find set out in the bill of exceptions, and the demurrer would not be considered if it did raise it, because not appearing in the record proper. The bill of exceptions is no place for a demurrer. As the case must be reversed on other grounds, we will not now decide whether or not this court will notice such a defect in the absence of objection by demurrer expressly raising it.

The employer and prosecutor, in this case was a constable who, at the time the contract relied on was made, had the defendant, a woman, in his custody on a conviction by the magistrate of the offense of petit larceny. The fine and costs in that case amounted to $8.25, of which two or three dollars were due the constable. He, the constable, loaned her the money to pay this $8.25, and she entered into a written contract with him to per-

[Dorsey v. The State.]

form agricultural labor for him until the sum was paid, at the rate of one dollar per month. The constable testified that after the conviction, he went home to get his horse to take defendant to the county jail, and the defendant wanted him to let her have the money to pay the fine and costs so she would not have to go to jail. In view of these facts the defendant's counsel supposed it admissible for her to prove that said constable had, on a former occasion, arrested defendant's brother on a bogus warrant, issued by said magistrate, for carrying concealed weapons, and hired him to a certain party without any authority of law; but in this he was evidently mistaken, and the court properly overruled the effort to make such proof.

The evidence tended to show that the money was loaned on the written contract, and the court committed no error in admitting the contract in evidence.

The constable testified that he arrested the defendant, on the said charge of larceny in Mr. Blackman's field, and carried her before the magistrate, when a trial was immediately had; that he knew before that time that defendant was in the employment of Blackman; that she never worked any with him on said contract, but continued to work with Blackman; that he went with his wagon to Blackman's to move her to his place and she would not go; that while she was at work with Blackman, he tried two or three times to get her to go and work with him, but she refused to go. None of the money loaned had been repaid to him.

Blackman testified, for the defendant, that prior to the trial for larceny he had employed defendant to serve him for the year on his plantation; that she continued to work for him after the said trial; that said Whitehead (constable) came to his house after defendant, but he would not let her go to work for him because of certain specified misconduct of Whitehead in reference to an arrest by him of defendant's brother. Witness was present at the larceny trial. There was no evidence that the money was obtained, or the work to be performed by defendant, in Pike county. The general charge requested by defendant ought to have been given for the want of proof of venue.

The second charge requested by defendant asserted a correct proposition, and ought to have been given. This

[Crane v. The State.]

does not mean that the money must have been paid at or after the time the writing *was signed*. If the money was loaned in view of the immediate or early execution of the writing, agreed by the defendant, at the time of receiving the money, to be executed by her, in consideration of the loan, and the writing was accordingly signed, the loan and signing were one transaction in legal contemplation.

As we have seen, there was no offense under this statute, unless the defendant *entered into the contract* with intent to injure or defraud the employer, and also that she *refused to perform the act of service*, with intent to injure or defraud the employer, and without just cause, not having refunded the money. Both of these intents to injure or defraud must be established by the State. It is clear, upon these principles, that charge 4, requested by defendant, ought to have been given.

Charge five was bad. There was no element of duress in the facts hypothesized.

The fact that defendant was under an existing contract with Blackman, did not render the contract with Whitehead illegal. Blackman had his legal remedies against defendant for the breach of her contract. It was a contract for personal services which could not be specifically enforced.

Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.