# Rose v. The State.

## *Indictment for Burglary.*

117　77
141　79
—————
117　77
144　67

1. *Failure to prove venue entitles the defendant to general affirmative charge.*—In a criminal prosecution where the venue of the offense charged is not proven, the general affirmative charge requested by the defendant should be given.

2. *Transfer of cause from one court to another; what record must show on appeal.*—To sustain a judgment of conviction in a criminal case by a court other than that in which the indictment was found, the record on appeal must show a valid order transferring it, made by the court in which the indictment was found.

3. *Same; same; facts of this case.*—Where a criminal case was transferred from the circuit court of Tuscaloosa county, in which the indictment was found, to the Tuscaloosa County Law and Equity Court, as created by the act of the General Assembly, (Acts of 1896-97, p. 262), and was there tried, resulting in a judgment of conviction, the failure of the record on appeal to show, that the provisions of the act authorizing the transfer of the case from the circuit court to the law and equity court were fully complied with, will cause a reversal of the judgment.

4. *Burglary and larceny can be joined in the same indictment; State not required to elect.*—A count charging the burglary of a storehouse can be joined in the same indictment with a count charging the larceny from a storehouse; and when an indictment contains these two counts, the State will not be required to elect on which count it will proceed.

5. *Larceny from a building; value of property stolen must be proven.*—While, under the provision of the statute (Code of 1886, § 3789; Code of 1896, § 5049), the stealing of personal property from a storehouse is made a felony irrespective of the value of the property stolen, in order to work a conviction, it must be alleged and proven that the property stolen was of some value.

6. *Indictment for burglary and grand larceny; charge applicable to only one offense properly refused.*—In a trial under an indictment which charges both burglary and grand larceny, an instruction to the jury, asked by the defendant, applicable only to one of the offenses charged, but which is not so limited, is properly refused.

7. *Criminal law; charge to the jury.*—In a criminal case, a charge should be refused, where its only tendency, if given, would be to throw doubt or discredit on a fact in the case established without conflict in the evidence.

APPEAL from the Law and Equity Court of Tuscaloosa. Tried before the Hon. JAMES J. MAYFIELD.

The appellant was tried and convicted under an indictment, the first count of which charged burglary from a storehouse, and the second count charged him with grand larceny for stealing personal property from a storehouse. The facts of the case are sufficiently stated in the opinion.

Among the charges requested by the defendant, and to the refusal to give which the defendant separately excepted, was the following : "6. The court charges the jury that some value of the goods taken must be proven before they can convict the defendant under the second count of the indictment."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Morris v. State*, 97 Ala. 82 ; *Bowen v. State*, 106 Ala. 178 ; *Barber v. State*, 78 Ala. 19 ; *Mitchell v. State*, 114 Ala. 1 ; *Shepperd v. State*, 94 Ala. 102.

HARALSON, J.—1. The venue was not proved, and for this reason, the general charge for the defendant should have been given.—*Dorsey v. The State*, 111 Ala. 40.

2. The indictment was found in the circuit court of Tuscaloosa county, and filed therein on the 26th November, 1896. That court, in the absence of some statute authorizing its removal and trial in another court, alone had jurisdiction to try the cause. The act creating "The Tuscaloosa County Law and Equity Court" (Acts 1896-97, p. 262), in its 9th section, provides as to criminal cases, "That all criminal causes now or hereafter pending in the circuit court of Tuscaloosa county shall, at the request of the defendant, or at the request of the solicitor hereafter provided for, be at once transferred for trial to this court herein established ; * * * and the clerk of said circuit court * * * shall transfer to and file in the court herein established all the original papers in such causes, together with certified copies of all dockets and minute entries in said causes, and thereupon this court herein established shall have exclusive jurisdiction of such causes."

[Rose v. The State.]

There is nothing in the transcript of the record before us that shows anything touching the transfer of this cause from the circuit to the law and equity court of said county of Tuscaloosa; and from aught appearing, not a single provision of the statute authorizing the transfer of this case to the latter from the former court was complied with. We cannot presume the statute was complied with, so as to give the law and equity court jurisdiction to try the cause.—*Goodloe v. The State*, 60 Ala. 93.

3. There were two counts in the indictment, one charging burglary of a storehouse, under section 3786 of the Code of 1886, Cr. Code of 1896, § 4417, and the other, grand larceny, for stealing personal property from a storehouse, under section 3789, Cr. Code of 1896. §5049. These counts were properly joined, and the State is not required in such case, to elect for which of the offenses it will prosecute.—*Orr v. The State*, 107 Ala. 35.

Under the statute,—Code of 1886, § 3786, Cr. Code of 1896, § 4417,—the value of goods in the designated buildings, which the burglar intended to steal is not an element of the offense. Under the grand larceny statute, Code, § 3789, Cr. Code of 1896, § 5049,—the stealing of "any personal property of any value" from a dwelling, storehouse, etc. is made grand larceny. The crime is made a felony irrespective of the thing stolen, but it must be alleged and proved that the property stolen was of some value.

The 4th charge asked by defendant and refused was, that if the jury should "believe from the evidence that no value has been proven, and that the goods were not taken from a storehouse, they will find the defendant not guilty." This charge was evidently intended to apply to the second count in the indictment, since the crime of burglary, charged in the first count, did not depend upon values of goods; but, it was not so limited. While the latter part of the charge was applicable to the first count, since there was evidence tending to show that the goods were not stolen from the storehouse, and the State introduced no evidence to establish the burglary except that defendant was found in possession of goods that had been stolen from the store, yet the charge in its first hypothesis, as to values of the goods taken, rendered it inapplicable to that count and its tendency if given would have been to confuse and mislead the jury. Having been asked generally, as applicable to both counts, it was properly refused, without reference to its correct-

ness as to the second count. It may be added, that the first part of the charge was abstract, as there was proof tending to show that the goods taken were of some value.

4.  The 6th charge was property refused. It asserts a correct general proposition of law, but fails of application here. There was proof that the goods taken were of some value, and there was no proof to the contrary. A charge should be refused the only tendency of which would be, if given, to throw doubt or discredit on a fact in the case established without conflict of evidence.

Reversed and remanded.