# Lowe *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny; sufficiency of indictment.*—It is no objection to an indictment for larceny, which contains two counts, that in each of the counts the property alleged to have been stolen is alleged to have belonged to a different person.

2. *Same; same.*—It is no ground for demurrer to an indictment for larceny, that it fails to aver the christian name of the owner of the property alleged to have been stolen, and fails to aver that the christian name of said alleged owner was to the grand jury unknown.

[Lowe v. The State.]

3. *Larceny; admissibility of evidence.*—On a trial under an indictment for larceny, it is competent for the State to prove that while the defendant was carrying the cattle alleged to have been stolen to market, he also stole another cow from a person who lived along the road where the cattle was being driven.

4. *Same; same.*—On a trial under an indictment for larceny of cattle, evidence tending to identify the cattle referred to in other portions of the evidence introduced as those which were taken from the defendant, and such evidence as is corroborative of other testimony introduced for the State, is admissible in evidence.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The indictment under which the appellant was tried and convicted was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Will Lowe and Tom Crittenden feloniously took and carried away eighteen cows, the personal property of J. B. Milligan.

"The grand jury of said county further charge that before the finding of this indictment, Will Lowe and Tom Crittenden feloniously took and carried away eighteen cows, the personal property of J. H. Milligan, against the peace and dignity of the State of Alabama."

Upon a demand a severance was ordered, and the defendant Will Lowe, who is the appellant in this case, was tried separately. The defendant demurred to the indictment upon the following grounds: "1. Because said indictment charges two separate and distinct offenses of larceny from two separate and distinct owners. 2. Because said indictment in each count fails to aver the christian name of the owner of the property alleged to have been stolen, and fails to aver that such christian name of said alleged owner in each count was to the grand jury unknown." The demurrer was overruled.

On the trial of the case the State introduced evidence tending to show that defendant Will Lowe and Tom Crittenden had feloniously taken and carried away eighteen head of cattle; that five or six of said cattle belonged to J. H. Milligan and twelve or thirteen of

them belouged to J. B. Milligan, and that the cattle were taken while out on a range owned by one of the said Milligans, a long distance from Montgomery, and were carried by the defendant and Crittenden, with the assistance of others, to Montgomery and there sold them, Against the objection and exception of the defendant, the State was allowed to prove that while the defendant and Crittenden were driving the eighteen head of cattle taken from Milligan to Montgomery, they also took a bull belonging to one Reynolds and drove it with the other cattle into Montgomery. There was evidence introduced for the defendant tending to prove an *alibi*.

The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: (1.) "If the jury believe all the evidence in this case beyond a reasonable doubt, they must find the defendant not guilty." From the judgment of conviction the defendant appeals.

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Bryant v. State*, 116 Ala. 449; *LaVaul v. State*, 40 Ala. 44; *Bonner v. State*, 107 Ala. 97; *Jefferson v. State*, 110 Ala. 89.

SHARPE, J.—Contrary to what is assumed by the first ground of the demurrer to the indictment, two or more offenses may well be charged in one indictment as having been committed by the same defendant where, as in this case, the offenses are of the same character. Code, § 4913; *Wooster v. State*, 55 Ala. 217; *Johnson v. State*, 29 Ala. 62; *Cawley v. State*, 37 Ala. 152.

The second ground of the demurrer is not well taken. *Gerrish v. State*, 53 Ala. 480; *Crittenden v. State, ante*, 145.

To the geenral rule which in a prosecution for one offense rejects evidence of another and distinct offense, an exception obtains where the offense charged and that proposed to be proved form part of the same transac-

tion so that the evidence offered will bear on the issues in the pending case.—*Gassenheimer v. State,* 52 Ala. 313; *Ingram v. State,* 39 Ala. 247; *Miller v. State,* 130 Ala. 1. This exceptional rule justifies the admission of the evidence tending to prove that while the cattle which were the subject of the alleged larceny were being carried away from the owners, a bull belonging to Reynolds was driven into and carried away with them.

The other evidence to which exceptions were reserved was relevant, some of it to identify the cattle referred to in other evidence as having been taken by defendant and some corroborating other testimony for the State. See *Crittenden's Case, supra.*

For obvious reasons the charges refused to defendant were bad. No error appearing, the judgment will be affirmed.