# Smith *et al. v.* The State.

*Indictment for Burglary.*

1. *Indictment for burglary; sufficiency of averment as to house alleged to have been burglarized.*—Where a building burglarized is shown to have been a permanent and substantial structure, and not a temporary structure erected for a special purpose, it is not necessary that the indictment charging burglary should allege, or that the evidence should show, that such building was "specially constructed or made to keep" the things of value alleged in the indictment to have been stored or kept in said building.

2. *Burglary; general affirmative charge.*—On a trial under an indictment for burglary, where the evidence tended to show every element of the crime charged, the general affirmative charge requested by the defendant is properly refused.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appellants in this case were tried and convicted for burglary, and were sentenced to the penitentiary for four years.

The indictment under which they were tried charged that Henry Smith and Will Smith "with intent to steal, broke into and entered the office of F. E. Meyer, a building, in which goods, merchandise or harness, things of value were kept for use, sale, or deposit, against the peace and dignity of the State of Alabama."

On the trial of the case F. E. Meyer was introduced as witness for the State, and testified that he was engaged in the business of running a coal and wood yard in the city of Montgomery; that in said wood yard he owned a building which was used as an office in connec-

tion with said business, and which was also used to deposit harness and tools for safe keeping. It was further shown that said office was a permanent structure, having been upon the premises for many years, and having been used by said Meyer for several years in the manner and for the purposes above stated. The witness Meyer further testified to the fact of said building being broken into and a parlor rifle stolen therefrom. There was other evidence introduced on the part of the State tending to show that the defendant was guilty as·charged.

The defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that if they believe the evidence in this case, they must find the defendants not guilty." (2.) "The indictment in this case charges that the defendants with intent to steal, broke into and entered the office of F. E. Meyer, a building in which goods, merchandise or harness, things of value, were kept for use, sale or deposit, and the court charges the jury that before they ·can convict the defendants, they must believe from the evidence that said office of F. E. Meyer was especially constructed and made to keep such goods, merchandise or harness." (3.) "The court charges the jury that before they. can · convict the defendants they must believe from the evidence in the case that the building alleged in the indictment to have been burglarized must have been specially constructed and made for the purpose of keeping goods, merchandise or harness for use, sale, or deposit, and if the prosecution fails to furnish proof to the effect that said building was so specially constructed and made, then they must acquit the defendants."

W. E. ANDREWS, for appellants.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—The defendants were indicted and convicted for the offense of burglary.—§ 4417 of the Code.

The building burglarized by them was a permanent and substantial structure and not a temporary one erected for a special purpose. It was, therefore, unnecessary that the indictment should allege or the evidence show that it was "especially constructed or made to keep" the harness and other things of value that were in it at the time it was entered.—*Stone v. State,* 63 Ala. 115.

Charges 2 and 3 requested by defendants were, therefore, properly refused.

Charge 1 was also properly refused as the evidence tended to prove every element of the crime charged.

Affirmed.