# Lucas *v.* State.

## *Larceny.*

[DECIDED JUNE 30, 1905,* 39 So. REP. 821.]

1. *Burglary; Indictment.*—A chicken house being a building of a permanent and substantial·kind, known in the community as a building in which chickens or poultry are housed, an indictment for burglary of a chicken house need not·allege that the house was specially made to keep such goods, merchandise, or other valuable things.

2. *Criminal Law; Consolidation of causes; Consent of defendant.*— Where several indictments are brought against the same person, charging him with grand larceny and with burglary, it is not error to consolidate and try them jointly, when the defendant requests a joint trial, and consents to be tried on all the indictments jointly.

3. *Same; Verdict; Sentence.*—Where it appears that only one sentence was meted out to defendant, although he was tried on several indictments at the same time, a verdict finding the defendant guilty as charged will be referred to either one of the indictments upon which he was tried, and is not' available to the defendant to reverse the judgment and sentence of conviction.

*Rehearing denied January 9th, 1906.

APPEAL from Montgomery City Court.
Heard before Hon. W. H. Thomas.

The defendant and Will McCoo were indicted under five different indictments by the grand jury of the Montgomery City Court for grand larceny from a chicken or hen house and for burglarizing a chicken or hen house, and also for burglary of a dwelling house. The indictments allege the taking of different articles belonging to different people, each indictment alleging a separate offence. The judgment entry shows that Lucas demanded a severance and was tried alone. The judgment entry also shows that the trial was had on all these separate indictments by the consent and at the instance and request of the defendant, before the same jury, and at the same time. After conviction the defendant moved in arrest of judgment, for that it appears from the record that defendant was indicted on five different indictments charging five different and distinct felonies, and all of said charges were tried jointly, and at the same time and by the same jury; and that two of said indictments charged grand larceny of different goods from different parties from different places; and three indictments charged burglary from different premises. 2nd, that the three said indictments attempted to charge burglary from a chicken house or hen house, but are defective and insufficient to support the verdict in this cause, in that each of them failed to allege that said chicken house or hen house is a dwelling house or that it is a building, structure or enclosure within the curtiledge of a dwelling house, or that said chicken or hen house is or was specially constructed to keep such goods, merchandise or chickens, things of value, for use or sale. Third, Because the verdict or verdicts of the jury in said cause is uncertain, ambiguous and insufficient to support the judgment. This motion in arrest of judgment was overruled and defendant appealed.    Affirmed.

L. A. SANDERSON, for appellant, argued that the defendant was not estopped from complaining that he was jointly tried on different indictments charging different

[Lucas v. State.]

offences of the same nature, by his consent to be tried thereon jointly, he not being represented by counsel.—§ 6, Const. 19 01. A trial by jury cannot be waived in prosecutions for felony.—*Williams v. The State,* 12 Ohio St. 622; *State v. Davis,* 66 Mo. 684; *Cancemi v. People,* 18 N. Y. 128. That *Bourdine's case,* 25 Ala. 60, has no bearing on the case at bar, but that the true doctrine is stated in the case of *Mayo v. The State,* 30 Ala. 32; *Orr v. The State,* 18 So. 142; *Howard v. The State,* 18 So. 813.

That the indictments are defective in failing to aver that a chicken or hen house was specially construed or made to keep such goods, merchandise, or other valuable things.—§ 4417, Code 1896. That there was no objection to the indictment raised in the case of *McCormick v. The State,* 37 So. 277, and besides there is some difference between "a hen-house and a jewelry-store."

MASSEY WILSON, Atty. Gen. for State insisted, that under the common law offenses of the same general character could be joined in separate counts. Section 4913 of the Code permits this to be done in the alternative in the same count. It has been frequently held that burglary and grand larceny are offenses of the same character and may be joined.—*Sampson v. The State,* 107 Ala. 76; *Orr v. State,* 107 Ala. 35; *Burrage v. State,* 116 Ala. 108; *Rose v. The State,* 117 Ala. 77.

Conceding that the defendant was tried on five indictments, four of which were defective, the jury having returned a general verdict of guilty, the conviction will be referred to the good indictment and sustained.—*James v. State,* 104 Ala. 27; *Hornsby v. State,* 94 Ala. 55.

The indictments were sufficient.—Sec. 4417; § 4923, Form 21; *McCormick v. State,* 37 So. 377.

DENSON, J.—The defendant was, at the February term 1905, of Montgomery city court, jointly indicted with one Will McCoo in five indictments and was tried separately from his codefendant. All of the indictments are set out in the record and are numbered 2596, 2597, 2598, 2599 and 2600 respectively. Numbers 2597 and 2598 each charge grand larceny and conform to the form laid down in the Code.—Form 52.

[Lucas v. State.]

Numbers 2596, 2599 and 2600 charge burglary of a chicken or hen house. These indictments for burglary are attacked upon the ground that they do not allege that the chicken-house was specially made to keep such goods, merchandise, or other valuable things. A chicken or hen house is a building which is of a permanent and substantial kind, and is well known in communities where poultry is raised as the building in which chickens and other poultry are housed. It was not, therefore, necessary it should be described in the indictment as specially constructed or made, for the use to which it was put. "The *structures* that must be thus described, are those of a temporary character, erected for special purposes, or occasions." The two indictments for burglary are sufficient.—Code § 4417; *Stone's case,* 63 Ala. 115; *Smith's case,* 140 Ala. 146; 37 So. Rep. 157.

The minute entry, after the formal statement of the case number 2596 against the defendant, recites, that, "by consent and at the instance and request of the defendant this cause submitted to the same jury and at the same time along with said causes numbered 2597, 2598, 2599 and 2600." The verdict of the jury was in the following language, namely; "We the jury find the defendant Charles Lucas *alias* Charles Brooks guilty as charged." Upon the verdict the defendant was adjudged guilty as charged in the indictment and was formally sentenced to imprisonment in the penitentiary for a term of three years.

At a subsequent day of the term of the court at which the conviction was had, the defendant moved in arrest of judgment; one of the grounds of the motion was, that the defendant was put to trial on five separate indictments at the same time and before the same jury, and that two of the indictments, numbers 2597 and 2598, charged grand larceny of different goods from different parties and from different places, and that the other three, numbers 2596, 2599 and 2600 charged burglary from different places.

At the common law, "two or more offenses, committed by the same person, may be included in the same indictment in *different counts,* where they are of the same general nature, and belong to the same family of crimes,

[Lucas v. State.]

and when the mode of trial and nature of the punishment are also the same, although they may be punishable with different degrees of severity."—*Johnson's case,* 29 Ala. 62; *Mayo's case,* 30 Ala. 32; *Cawley's case,* 37 Ala. 152; Ib. 134; *Tanner's case,* 92 Ala. 1; *Miller's case,* 45 Ala. 24; *Horton's case,* 53 Ala. 488; *Hornsby's case,* 94 Ala. 55; *Lowe's case,* 134 Ala. 154; 1 Bishop's Criminal Procedure, 424, 426 and 449.

Section 4913 of the Code provides, "When offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative."—*Rose's case,* 117 Ala. 77; *Burdine's case,* 25 Ala. 60; *Miller's case,* 45 Ala. 24; *Hornsby's case,* 94 Ala. 55. It has been expressly held that burglary and grand larceny may be joined in the same indictment.—*Gordon's case,* 71 Ala. 315; *Rose's case,* 117 Ala. 77; *Broughton's case,* 105 Ala. Ala. 103. When offenses are so charged the court will not in advance of the introduction of the evidence compel an election, nor will it do so after the introduction of the evidence, unless it is made to appear that an attempt is made to convict the defendant of two or more offenses growing out of separate and distinct transactions.—*Mayo's case,* 30 Ala. 32; *Butler's case,* 91 Ala. 87; *Tanner's case,* 92 Ala. 1.

If two or more felonies of a kindred nature may be charged in different counts in the same indictment, then it must follow, that in the first instance the grand jury could have properly joined in different counts in the same indictment against the defendant, the five felonies charged separately in the five indictments and in that event the defendant would have been put to trial on the indictment charging the five felonies, while the court would have no authority against the objection of the defendant to consolidate separate cases pending against the defendant, yet, as the record affirmatively shows it was done at the instance and request of the defendant, he cannot now be heard to complain at the action of the court which was superinduced by him. The maxim, *consensus tollit errorem,* applies in full force.—*Ex parte Winston,* 52 Ala. 419; *Allen's case,* 134 Ala. 159; *Vaughn v. Smith,* 68 Ala. 92.

[Whatley v. State.]

We have seen that all the indictments are sufficient, hence the verdict is supported and may be referred to either one of them. It also affirmatively appears that only one sentence was meted out to the defendant and this sentence, three years imprisonment in the penitentiary, was no greater than could have been legally imposed under any one of the indictments, therefore, there is nothing in the verdict and sentence available to the defendant to reverse the judgment of conviction.—*Cawley's case,* 37 Ala. 152; *Jones' case,* 104 Ala. 20; *Sampson's case,* 107 Ala. on page 80.

There is no merit in the ground of the motion which relates to a severance for the reason that there is nothing in the record upon which to base it.—*Curry's case,* 120 Ala. 366.

There is no error in the record and the judgment of conviction must be

Affirmed.

McCLELLAN, C. J., TYSON, DOWDELL, SIMPSON and ANDERSON, JJ. concurring.