# Western Union Tel. Co. *v.* Griffith.

## *Delay in Delivering Message.*

(Decided June 10, 1909. 49 South. 91.)

1. *Telegraphs and Telephones; Delay; Complaint.*—A complaint alleging that the message could have been delivered, by the exercise of reasonable diligence, in time for the doctor to have reached plaintiff's wife by a morning train, but because of a delay in transmission or delivery of the message, and as a consequence thereof the doctor

[Western Union Tel. Co. v. Griffith.]

failed to arrive, on the morning train, and plaintiff suffered great mental pain by reason of the doctor's failing to reach and attend his wife, while ill, to his damage in the sum of $1,000.00, the mental pain so suffered being the proximate consequence of defendant's failure to deliver the message promptly, sufficiently avers that the doctor would have gone to plaintiff's wife had the message been delivered earlier, and that the plaintiff suffered in person or estate by the failure to deliver the message; and demurrers assigning such ground are not apt to raise the question as to whether or not the complaint was ex contractu or ex delicto.

2. *Same; Questions of Fact.*—Whether the doctor could or would have come on that train had the message been transmitted and delivered within a reasonable time, and whether the message was transmitted and delivered within a reasonable time, are questions for the jury, where there was evidence from which they could determine them, the action being against the telegraph company for delay in delivering a message which resulted in the failure of a physician to reach the plaintiff's wife on a certain train.

3. *Appeal and Error; Review; Right to Complain.*—A party who has invoked a certain ruling or action of the trial court, cannot complain thereof on appeal, even though the same be erroneous.

4. *Charge of Court; Inconsistent Request.*—Where a party requested a charge stating that the action was ex contractu which was given, he was not entitled to have a charge asserting that the action was ex delicto.

5. *Same; Invading Jury's Province.*—A charge asserting that the jury could not assess damages for mental pain and anguish, was properly refused as invading the province of the jury; such charge is also properly refused as instructing that the jury were not authorize to infer mental pain from only a part of the evidence, there being evidence of damage from mental anguish.

6. *Same.*—Where there was evidence from which the jury could infer that the physician would have reached plaintiff's wife by the morning train had the message been promptly transmitted and delivered, and where there was evidence from which all the other facts necessary to support a judgment for the plaintiff could be inferred, the affirmative charge for the defendant is properly refused as were other charges hypothesizing a verdict for the defendant upon failure of proof as to either one of those inferences.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by R. C. Griffith against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The charges referred to in the opinion as refused to the defendant are as follows: "(1) You are not authorized to assume conclusively from the relation of the parties that plaintiff suffered mental pain and anguish by

reason of Whaley's absence for the part of September 30th. (2) I charge you that the averment of the complaint to the effect that Dr. Whaley failed to reach and attend his wife while ill is not sustained by the evidence." (3) General affirmative charge. "(4) You are not authorized to assess any damages for mental pain and anguish."

CAMPBELL & JOHNSTON, for appellant.—No actual damages were claimed or averred and the demurrers should have been sustained because the form of the action was clearly ex delicto.—W. U. T. Co. v. Wilson, 93 Ala. 32; Same v. Blount, 126 Ala. 105; Same v. Krichbaum, 132 Ala. 535. Not only does this appear from the averments of the complaint, but the defendant filed a plea of not guilty on which issue was joined and this would determine the form of action in case of doubt.— Mancker v. W. U. T. Co., 137 Ala. 292. Refused charge 2 should have been given.—Tinney v. C. of Go. Ry. Co., 129 Ala. 523. Charge 3 should have been given.—W. U. T. Co. v. Haley, 143 Ala. 586. Refused charge 4 should have been given.—W. U. T. Co. v. Haley, supra.

ROBERT N. BELL, for appellee.—Counsel discuss the errors assigned but without citation of authority.

MAYFIELD, J.—This action is by a husband, against a telegraph company, to recover damages for failure to promptly transmit and deliver a telegram sent by him to a physician, summoning the physician to the bedside of plaintiff's wife, who was very ill, by reason of which failure to so transmit and deliver the message the physician was unable to reach the bedside of plaintiff's sick wife as soon as he otherwise would have done, but for the failure.

The complaint is as follows:

"Count One. The plaintiff claims of the defendant corporation one thousand dollars as damages for that on, to wit, the 30th day of September, 1906, plaintiff by his agent delivered to the defendant, and the defendant accepted, at Oneonta, Ala., for transmission from Oneonta to Birmingham, Jefferson county, Ala., the following message directed to Dr. Whaley, care Barber's Drug Store, Birmingham, Alabama, viz.: 'Come on morning train. Bessie is much worse.' Plaintiff avers that defendant is a public telegraph company, engaged in the business of transmitting messages for a reward between said points of Oneonta and Birmingham, Ala., and the plaintiff paid the defendant a reward for the transmission of said message, to wit, twenty-five cents. Plaintiff avers further that said message could have been transmitted and delivered by proper and reasonable diligence in time for Dr. Whaley to have reached Oneonta on the morning train and to have been present with the said Bessie, plaintiff's wife, the person mentioned as sick in the message above set out, and who then needed the presence and assistance of the said Dr. Whaley. Plaintiff avers further that, by reason of the failure of the defendant to transmit said message within a reasonable time and to deliver the same within a reasonable time and as a proximate consequence thereof, Dr. Whaley failed to reach Oneonta on the morning train, as requested, and plaintiff's wife was without his attention, and plaintiff suffered great mental pain by reason of the failure of the said Dr. Whaley to reach and attend his wife while ill, to his great damage in the sum of one thousand dollars as aforesaid. The said mental pain and anguish so suffered by plaintiff was all the proximate result and consequence of the failure of the defendant to deliver the message within a reasonable time, as it could and should have done."

To this complaint the telegraph company demurred, assigning two grounds of demurrer: (1) For that it was not averred that the physician would have gone to see plaintiff's wife had the message been delivered earlier; (2) for that it was not averred that plaintiff suffered in person or estate by the failure to deliver the message. This demurrer being overruled, the defendant filed two pleas, one the general issue, and the other setting up a special contract for transmission, by way of stipulations printed or written upon the back of the telegraphic blank on which the message was written for transmission, to the effect that the telegraph company would not be liable in damages unless a claim therefor was presented in writing and filed with the company within 60 days from the filing of the message. A trial was had upon those issues, which resulted in a verdict and judgment for plaintiff in the sum of $400, from which judgment this appeal is prosecuted.

It is first insisted that the court erred in overruling defendant's demurrers to the complaint. The complaint is certainly not subject to any ground of demurrer assigned.—*Henderson's Case*, 89 Ala. 510, 7 South. 419, 18 Am. St. Rep. 148; *Wilson's Case*, 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23. The grounds assigned are inapt to raise the question as to whether the complaint is ex contractu or ex delicto.

The appellant (defendant) requested the court in writing to hold, and to instruct the jury, that it was an action ex contractu, and the court granted the request and instructed the jury accordingly. The defendant then requested the court in writing to instruct the jury that the action was ex delicto, which the court very properly declined to do. A party who has invoked a particular action or ruling on the part of the trial court will not be heard to complain in this court of such action or rul-

ing, though it be erroneous. We express no opinion as to the ruling of the trial court in holding that the action was ex contractu and not ex delicto; but what we do decide is that the appellant, having invoked this ruling, will not be heard to complain.—*Lucas v. State,* 144 Ala. 67, 39 South. 821, 3 L. R. A. (N. S.) 412; *Ex parte Winston,* 52 Ala. 419; *Vaughn v. Smith,* 69 Ala. 92; *L. & N. R. R. Co. v. Hurt,* 101 Ala. 34, 13 South. 130.

Whether or not Dr. Whaley could or would have gone on the 8:25 train if the message had been transmitted and delivered within a reasonable time, and whether it was so transmitted and delivered within a reasonable time, were clearly questions to be determined by the jury from the evidence, under proper instructions by the court. They were questions of fact, and there was evidence tending to show each, and from this evidence the jury could infer the existence of these facts, and of all others necessary to support a verdict and judgment for plaintiff. Hence the general affirmative charge for the defendant, and all other charges hypothesizing a verdict for defendant, upon failure of the proof as to either one of these facts, were properly refused. It would have been palpable error for the court to take from the jury the determination of these facts under the evidence in this case. 5 Mayfield's Dig. p. 150. Whether the doctor would have received the message in time to go to Oneonta on the first train, and whether he would have so gone had he received the message, provided the company had exercised due diligence, are questions which naturally and necessarily rest in inference from the facts proven, and the jury only is the proper tribunal to draw or fail to draw such inferences.

There was ample evidence from which the jury might have inferred these other facts which rest peculiarly, if not exclusively, in inference, and which were necessary

to support a judgment for plaintiff embracing damages for mental anguish. Consequently there was no error in refusing those charges which requested a verdict for defendant, or which denied the jury the right to find damages for mental suffering.—*Krichbaum's Case,* 132 Ala. 538, 31 South. 607; *Blount's Case,* 126 Ala. 105, 27 South. 779; *Wilson's Case,* 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23; *Crumpton's Case,* 138 Ala. 632, 36 South. 517; *Crocker's Case,* 135 Ala. 492, 33 South. 45, 59 L. R. A. 398.

The fourth charge was bad, for several reasons: One, for that it invaded the province of the jury; another, for that it instructed the jury that they were not authorized to presume or infer mental pain from only a part of the evidence. The best that can be said of it is that it is nothing more than an argument.—*King v. Pope,* 28 Ala. 601; *Marx v. Bell,* 48 Ala. 497; *Miller v. Garrett,* 35 Ala. 96; *Edgar v. McArn,* 22 Ala. 796; *Pritchett v. Munroe,* 22 Ala. 501; *McWilliams v. Rodgers,* 56 Ala. 87; *Callan v. McDaniel,* 72 Ala. 96.

We find no error in the record, and the judgment of the trial court must be affirmed.

Affirmed.

Dowdell, C. J., and Simpson and Denson, JJ., concur.