197 So. 90

### PATTON v. STATE.

### 7 Div. 537.

Court of Appeals of Alabama.

June 25, 1940.

E. L. Roberts, of Gadsden, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record that three indictments, each charging a separate and distinct offense, all of the same import and character, were regularly returned against this appellant, defendant below. Further, that the defendant was duly and legally arraigned separately upon said indictments and in answer to each of them interposed his plea of "not guilty."

The bill of exceptions discloses, that an agreement between the State and the defendant was entered into that the defendant be tried upon all three of said indictments at one and the same time, and by consent of parties this was done. In this connection the bill of exceptions contains the following:

"It was agreed between the State and the Defendant that this case was to be tried jointly with Cases #9449 and #9450, State v. H. D. Patton, each for the offense of False Pretense, and that Defendant was put to trial on all three of the above numbered cases.

"Thereupon the following order was entered in Cases #9449 and #9450, to-wit: '12-4-39 Consolidated with No. 9448,' and the defendant was duly arraigned in each of said cases and the Indictments in each of the three cases were against him read, to which the defendant entered a plea of not guilty in each case.

"Upon the conclusion of the trial of the case, the Court instructed the Jury, among other things, to consider the entire evidence that was given in the trial of said cases and to render a separate verdict in each of the three cases.

"On the 5th day of December, 1939, the jury returned the following verdict, to-wit: 'We the Jury find the defendant guilty as

charged in the indictment and find that the property or money taken was worth $25.00 or less and place the fine at one hundred dollars and six months hard labor. J. A. Rogers, Foreman.' Thereupon the Court, over the objection of the defendant, entered the above verdict of the Jury in case #9448, and the Defendant duly excepted on the ground that said verdict did not state in which case it was returned and did not inform the Court in which case it should be entered, and that no verdict was entered in Cases #9449 and #9450, and therefore, no order of Court or verdict was entered in either of these cases."

The above and foregoing presents the only point of decision involved upon this appeal.

Under the conditions portrayed by the facts and agreement, supra, the defendant could have been convicted in all three cases. He was convicted in one case only, and naturally, the verdict of the jury, as returned, operated as an acquittal of the defendant in the remaining two cases; and strange as it may seem, of this, the appellant complains.

We pretermit a discussion upon the question of the manner in which the sole question here is presented which was merely by exception to the action of the trial court in referring the verdict to one of the indictments. No motion in arrest of judgment was made. It affirmatively appears that the action of the court in consolidating the three cases was had and done at the instance, request and agreement of the defendant, it therefore follows he cannot now be heard to complain at the action of the court which was superinduced by him.

Without further discussion we hold that the judgment of conviction, pronounced and entered against this appellant, and from which this appeal was taken, may not be reversed on the grounds insisted upon here.

A decision of the Supreme Court in the case of Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L.R.A.,N.S., 412, is conclusive and controlling of this appeal. The points of decision in said case are analogous to the questions involved upon this appeal, and from what has been said, also upon authority of Lucas v. State, supra, it is ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.