MADDOX, Justice
(dissenting).
The majority admits that “there is evidence that Mrs. Thomas had actual knowledge the house was going to be demolished and that it was her property” (emphasis added); nevertheless, the majority concludes that she did not have the “notice” required by statute. I believe the majority’s conclusion is much too technical.
This case was tried before a jury and the evidence concerning “notice” was controverted. At the landowner’s request, the court instructed the jury on the “notice” issue as follows:
I charge you members of the jury that in order to have a legal condemnation by the City of Prichard against the property of the Plaintiff, the City of Prichard must personally serve upon the Plaintiff a copy of the notice to remedy the unsafe or dangerous condition of such building or structure, or to demolish the same, and it is only in the event that personal service is returned “not found” after not less than two (2) attempts, that such notice may be given by registered or certified . mail.
* * * * * *
I charge you members of the jury that notice by mailing of registered or certi *972 fied mail may only be used in giving notice of a condemnation by the City of Prichard after personal service is first attempted and returned “not found” after not less than two (2) attempts.
The jury, by returning a verdict for the defendant City, obviously found that the City complied with the requirements of law.
Having requested the court to submit the question of proper notice to the jury, the landowner should not be heard to complain, even if the court should not have submitted that issue to the jury under the evidence.
The subject of inconsistent requests for instructions is discussed in Western Union Telegraph Co. v. Griffith, 161 Ala. 241, 50 So. 91 (1909), as follows:
The appellant (defendant) requested the court in writing to hold, and to instruct the jury, that it was an action ex contractu, and the court granted the request and instructed the jury accordingly. The defendant then requested the court in writing to instruct the jury that the action was ex delicto, which the court very properly declined to do. A party who has invoked a particular action or ruling on the part of the trial court will not be heard to complain in this court of such action or ruling, though it be erroneous. We express no opinion as to the ruling of the trial court in holding that the action was ex contractu and not ex delicto; but what we do decide is that the appellant, having invoked this ruling, will not be heard to complain.-Lucas v. State, 144 Ala. 67, 39 South. 821, 3 L.R.A. (N.S.) 412; Ex parte Winston, 52 Ala. 419; Vaughn v. Smith, 69 Ala. 92; L. & N. R. R. Co. v. Hurt, 101 Ala. 34, 13 South. 130.
The landowner, by requesting the instructions set out above, invoked a ruling of the court and should not, after suffering an adverse jury verdict, now be allowed to complain. I would affirm.
SHORES, J., concurs.